Merritt *v.* Lyon.

---

---

SAME TERM. *Before the same Justices.*

## S. C. MERRITT *vs.* LYON and TYLER.

Where goods are taken upon execution while in the actual possession of the defendant in the execution, and are replevied by a person claiming to be the owner thereof, the *onus* of proving that they are his property rests upon the plaintiff. But if the goods were in the possession of another, at the time of the levy, the *onus* is cast upon the officer making the levy, of proving property in the defendant.

Exemplified copies of judgment records and executions, properly authenticated under the seal of the court, are admissible in evidence without a certificate of the clerk stating that the exemplification contains the whole of the record, &c.

Where goods taken upon execution are replevied by a person claiming to be the owner thereof, the plaintiff in the replevin suit has a right to go to the jury upon the question as to the actual possession of the goods, at the time of the levy.

The savings of the interest arising from the separate estate of a married woman is as much separate property as the principal. And property purchased with it belongs to her, and is subject to the same rules as the principal fund.

Suffering the separate property of a married woman to remain in the possession of the husband is not necessarily fraudulent, as to creditors, if the husband's possession is not inconsistent with the trust.

Such possession of the husband may or may not, be considered as evidence of fraud, according to circumstances. And the question of fraud is proper for the consideration of the jury.

Whether a witness is credible, or not; is solely a question for the consideration of the jury. A nonsuit cannot be granted on the assumption, by the judge, that the plaintiff's witness is not to be believed.

REPLEVIN, tried at the Westchester circuit in October, 1846. The plaintiff was the lessee of a farm belonging to Mrs. Jane Merritt, and claimed to be bailee and owner of certain stock,

grain, growing crops, &c. thereon, the goods replevied. The defendants justified the taking, as sheriff and deputy sheriff of Westchester county, by virtue of an execution issued out of the supreme court, upon a judgment recovered by Robert W. Lansing, against John Merritt, the father of the plaintiff; the defendants alleging that the goods in question were the property of John Merritt, and in his actual possession, and liable to be taken upon the said execution. At the close of the plaintiff's testimony, the defendants' counsel moved for a nonsuit, on the ground that the property seized appeared to belong to John Merritt, the defendant in the execution, and not to the plaintiff in this suit. The plaintiff's counsel resisted the motion; insisting that as to a portion of the property taken, it belonged to him, and that as to the remainder, he was entitled to the possession thereof during the continuance of his lease of the farm; that the defendants had not shown a right to take the property; and that the case should be submitted to the jury. But the circuit judge directed the plaintiff to be nonsuited. The plaintiff excepted, and upon a bill of exceptions now moved for a new trial. The facts of the case, and the proceedings which took place on the trial, are stated in the opinion of the court.

*W. Silliman & M. Mitchell*, for the plaintiff.

*J. W. Tompkins*, for the defendants.

*By the Court*, STRONG, P. J. It was not disputed on the trial but that Tyler, as the deputy of Lyon, took the goods specified in the declaration. That was not a question between the parties. The defendants allege, in their justification, that such goods were in the actual possession, and the property of, John Merritt, against whom they held a *fieri facias*, at the suit of Robert W. Lansing, under which Tyler had acted. The plaintiff contended that he held them at the time, a portion of them being the separate property of Jane, the wife of John Merritt, the legal title to which was in her trustee, and the residue being his own, and that he had a right to the pos-

Merritt *v*. Lyon.

session and use of the whole, under a letting of the farm where the goods were seized.

John Merritt, who was the plaintiff's father, was examined on the trial, and testified that at the time of the levy the plaintiff had charge of the farm, and in effect the possession of the stock, farming utensils, and produce, upon which such levy was made. If this witness was to be believed, the goods were not then in his possession. Whether, under the circumstances, he was a credible witness, or not, was solely a question for the consideration of the jury. A nonsuit cannot be granted on the assumption, by the judge, that the plaintiff's witness is not to be believed.

If the goods were in the actual possession of the defendant in the execution, the *onus* of proving that they were the property of another rested upon the plaintiff: if they were in the possession of another, then the load was cast upon the shoulders of the officer making the levy. The defendants did not produce any evidence of property in John Merritt. They relied apparently, in some degree, upon the conclusions which they drew from facts stated by him, but principally upon the presumption, (against his direct testimony,) that the goods were in his possession, and the inference from that presumption that they belonged to him, and they merely produced exemplified copies of the judgment record and execution in the suit of Lansing against Merritt. The plaintiff's counsel objected to the admissibility of those copies in evidence, on the ground that the clerk had not certified to their accuracy, in the manner directed by the revised statutes. (2 *R. S.* 324, § 72.) We think that the judge was right in admitting the evidence. The statute referred to certified copies, not to exemplifications, which are of a higher character, and purport to proceed from a different source.

The plaintiff had a right to go to the jury upon the question as to the actual possession of the goods. If that was in John Merritt, the plaintiff might, still prove that he had a right to reduce them into his own possession. He offered to prove that Mrs. Jane Merritt had, by her father's will, and certain pro-

---
Merritt v. Lyon.
---

ceedings under it, a separate estate in the hands of the clerk of the court of chancery, as her trustee, free from the control or interference of her husband; that her husband had been authorized by the court of chancery to act as the agent for the trustee; that the farm on which the goods were, had been purchased and paid for with funds belonging to such separate estate, and the deed given to the husband, but that a mortgage had been executed by the husband and wife, to the trustee, for the purchase money ; that the stock and farming utensils had been purchased by the husband as agent for the trustee, with the interest of the wife's separate estate; that the land, stock and farming utensils had been let by the husband and wife for one year to the plaintiff, who was to pay the wife the value of one half of the produce, in money. Evidence was received to show that the stock and farming implements had been purchased with the interest money accruing on the wife's estate, and that the farm had been let to the plaintiff. But the judge rejected the evidence to show that the wife held the estate separately through a trustee, and free from the interference or control of the husband, as being immaterial. In this we think he erred. The evidence, if credited, would have proved that the title to the goods, except the produce raised during the then current year, or growing at the time, was in Mrs. Merritt's trustee ; that the produce belonged to the plaintiff, and that he either had the actual possession of the whole, or was entitled to it.

There was no evidence that any of the goods in question had been purchased with the funds of the husband, or that the wife had derived any part of her separate estate through him. It had been given to her by her father. That he had a right to give it to her so that she might enjoy it free from the control or liabilities of her husband there can be no doubt. The creditors of the husband had no claim upon it, either at law or in equity. The stock and farming utensils, it is true, had been purchased by him; still, as it was with her property, that could not make any difference. He had been constituted the agent of the trustee by an order of the court of chancery; but if he had not been, and there had not been in fact any trustee named

in the will, or appointed by the court, the husband, while dealing with her property, would have been considered as her trustee. Neither can it make any difference, as to the title, that the property had been purchased with the savings of the wife's interest. The interest was as much her separate property as the principal, and purchases made with it were still hers, and subject to the same rules as the principal fund. The cases to that effect are numerous. (*Eastly* v. *Eastly*, 2 *Eq. Abr.* 140. *Gore* v. *Knight*, 2 *Vern.* 535. *Hearle* v. *Greenbank*, 3 *Atk.* 709. *Fettiplace* v. *Gorges*, 1 *Ves. jr.* 48. *Sir Paul Neal's case*, cited in a note to *Herbert* v. *Herbert*, *Prec. Ch.* 44.)

The fact that many of the goods had been in possession of John Merritt for a considerable period, made no difference as to the title, or the right of the trustee to dispose of them, or to recover their value if tortiously taken by or in behalf of a creditor of the husband. It is difficult to see how the wife could enjoy the avails of her property without his participation, so long as they resided together. Indeed she might have expressly authorized him to use or enjoy her property, without giving it to him ; and his creditors could not complain, as they would lose nothing by the transaction. Our legislature has recently gone very far to authorize such a state of things. It is not now considered to be at variance with the policy of our institutions.

The possession of the property by the husband, if not inconsistent with the nature of the trust, is not considered as fraudulent. In *Cadogan* v. *Kaunt*, which was tried before Lord Mansfield, and which came before the court of king's bench on a motion for a new trial, (*Cowp. Rep.* 432,) the goods, which consisted principally of household furniture, had been conveyed by the husband, on a marriage settlement, to trustees, for the use of himself for life, remainder to the wife for life, and the ultimate remainder to their sons. They were in the possession of the husband, and were seized on an execution by the defendant who was a judgment creditor. The suit was brought by the trustees and they recovered the goods. In *Foley* v. *Burnell*, tried before Lord Mansfield, at Westminster Hall, in 1779, the suit was brought by the trustees under a will for wines,

linen and china, which had been seized by a creditor of Lord Foley. The trustees had delivered the key of the wine to the husband, and the key of the linen and china to the wife, and the goods were in their possession when taken by the officer, and yet the plaintiffs recovered the value of the whole, and the defendants acquiesced, without moving for a new trial.

The possession of the husband may or may not be considered as a badge of fraud, according to the circumstances. There may be facts which might warrant the inferences that the goods had been purchased by the husband with his own funds, and that he had resorted to the pretext that they were a part of his wife's separate estate, to protect them from the reach of his creditors. These were subjects proper for the consideration of the jury. The judge should, we think, have admitted the evidence, and then submitted the whole matter to them.

There must be a new trial; the costs to abide the event of the suit.

---

Same Term.    *Before the same Justices.*