## SHERMAN *v.* ELDER *et al.*

A wife, by allowing chattels belonging to her, and which remain *in specie*, to be employed by her husband in the carrying on of a business for their common benefit, does not devote them to her husband so as to render them liable for his debts.

Otherwise, *it seems*, as to articles used by the husband as merchandise, whether a part of the goods belonging to the wife before marriage, or purchased out of the earnings and accumulations of the business: *Per* ALLEN, J.

An assignment by the wife of the goods and chattels, " as well as all claims and demands for any portion of them," is valid, and carries the right of action for the taking by a creditor of that part of her property which remained *in specie* and was not made merchandise, though used by the husband in his business.

APPEAL from the New York Common Pleas. Action by the assignee of Mrs. Lucy Sherwood for the taking and conversion of chattels alleged to be on her premises and in her possession. On the trial before a referee, it appeared that Mrs. Sherwood married in 1850, being then engaged in business as a grocer, owning the fixtures of her shop and the stock in trade. Upon her marriage, it was agreed that the business should be continued in her name; that her husband should give his services in the business, and that he should have his living as his compensation. He was a bankrupt. He bought and sold and gat gains for a time, dealing in the name of his wife, and employing the profits (except what was expended in the support of the two) in adding to the stock in trade, and in improving the leasehold premises in which the business was carried on. The business finally proved a bad one. The husband confessed a judgment for the price of goods which he had bought to replenish the store, and for which he had given a note in the name of his wife. Execution on that judgment was levied upon all the stock in trade of Mrs. Sherwood, and it was sold. The only question in this case arises in respect to certain fixtures, shelves, beer-pump, cans, weights,

demijohns, clocks, decanters, &c., &c., which were used in the business at the time of Mrs. Sherwood's marriage, and had remained *in specie*, and were sold by the sheriff. The value of the property thus clearly distinguishable, and used not as merchandise but as apparatus for the business, was found to be sixty dollars. The referee made a report denying the right of the plaintiff to recover for the taking of this property, and judgment was entered for the defendant. The plaintiff appealed to this court.

*Matthews & Swan*, for the appellant.

*R. M. Harrington*, for the respondents.

ALLEN, J. The referee finds that a part of the property, taken and sold by the defendants on the execution against Daniel Sherwood, belonged to the wife of the judgment-debtor before and at the time of her intermarriage with such debtor, and he values that part of the property at sixty dollars. He reports against the right of the plaintiff, claiming, as assignee of the wife, to recover for this portion of the property, on the ground, 1st, that the assignment of the claim in controversy by Lucy Sherwood was not valid in law, she being a married woman; and 2dly, because no damages arising from the sale or conversion of the property mentioned in the complaint were included in the assignment to the plaintiff. This report and decision was made in obedience to a decision of the Court of Common Pleas of the city of New York, setting aside a former report of the same referee, and granting a new trial in the action.

The judgment of the referee was affirmed by the Court of Common Pleas upon the ground and for the reason, as assigned, that Mrs. Sherwood must be regarded as having devoted or dedicated to her husband the property which was hers at the time of her marriage. This portion of the property does not, as I understand the case, include any part of the stock in trade, the goods and groceries which were the subject of traffic, and which were mingled with goods purchased for sale after the

Sherman *v.* Elder.

marriage and made a part of the trading or business capital, as the business was carried on after the marriage; but consisted of fixtures and articles of furniture kept for use and easily distinguishable from the mass of property in the store or grocery kept and managed by the husband in the name of the wife. As to property of that character declared by law to be the separate property of the wife, in the use of it by the wife in connection with her husband, and for their joint benefit during coverture, I see no evidence of "dedication and devotion" to the husband. Living with her husband, she can only use it with him and for the benefit of both, and by its use no fraud is perpetrated and the creditors of the husband suffer no wrong. (*Merritt* v. *Lyon*, 3 Barb., 110.) If by any act of hers she has estopped herself from claiming the property as against the sheriff and the judgment creditors of her husband, such acts may be shown upon another trial, and the assignee will be barred of his action. There is some evidence tending to show that the property was taken without objection from her after she was asked by the sheriff to select the property she owned at the time of her marriage from the residue, and told that such property would not be taken. The evidence upon this point is conflicting, and the referee has not passed upon it. In regard to the rest of the property, that which was used by the husband as merchandise in the business carried on by him in the name of his wife, whether a part of the goods which were the property of the wife before marriage or bought subsequently by the husband on credit, or with the profits of the business and the earnings and accumulations of the husband in the business, I agree with the court below that they must be considered the property of the husband and liable to his debts.

The action is trespass *de bonis asportatis;* the complaint alleging the taking and carrying away of the goods and chattels from the premises and possession of Lucy Sherwood, and the sale and disposal thereof by the defendants. The sale of the goods was in September, 1853; and then the causes of action, if any, accrued to Mrs. Sherwood. The assignment to the

plaintiff was in April, 1854, and transferred the "goods and chattels as well as all. claims and demands for any portion of them against Elder and Painter," two of the defendants.

1. A right of action for the taking and conversion of personal property is assignable, and the assignor may recover the value of the property in his own name. (*McKee* v. *Judd*, 2 Kern., 622; *Butler* v. *N. Y. & E. R. R. Co.*, 22 Barb., 110.) 2d. An assignment of the property by name after the conversion, carries the right of action for the conversion, *ut res magis valeat quam pereat.* Courts will give effect to a transaction if possible, and so construe an instrument as to give effect to the intent of the parties. In *Waldron* v. *Willard* (17 N. Y., 466), goods in charge of a common carrier having been damaged were sold by him. The owner assigned "all his interest in the goods" to the plaintiff, and it was held a valid assignment of the right of action against the carrier for non-delivery under his contract. Here, however, the assignment not only transferred the goods but all "claims and demands for" them, and thus in terms included the right of action, certainly against two of the defendants. By the act of 1848, as amended in 1849 (Laws of 1848, p. 307, ch. 200; Laws of 1849, p. 528, ch. 375), the goods and property which belonged to Mrs. Sherwood at the time of her marriage, were not subject to the disposal of her husband or liable for his debts, but "continued her sole and separate property as if she were a single female." These acts demand a liberal construction to carry into effect the beneficent intent of the legislature. The design was not to render the property inalienable during coverture, but to secure to the wife the beneficial use of it. In respect to property owned by her at the time of the marriage, it relieved her from the common-law disabilities incident to coverture, and continued to her her rights as if she had remained sole: The property continued "her sole and separate property;" that is, her property absolutely and with all the incidents of property, and as "if she were a single female." Property considered as an exclusive right to things contains not only a right to use them but a right to dispose of them either by exchang-

ing them for other things or by giving them away to any other person without any consideration, or even throwing them away. The property continues in her without qualification, and with all the rights which a *feme sole* or other person not under disability could take or enjoy in respect to it. The act of 1849 expressly confers upon a married woman the right to hold and convey property received by gift, devise or grant from any person other than her husband, and this, with the succeeding very liberal legislation in behalf of married women, shows very clearly that it was not in the mind of the legislature to qualify the property that was continued in women after marriage, or restrict them in the enjoyment or disposal of their separate estate. That a married woman may effectually dispose of property which is either hers, or treated by her husband as hers, is clearly to be implied from the case of *Edgerton* v. *Thomas* (5 Seld., 40). There a mortgage by the wife of the husband's goods was holden valid, the husband standing by and assenting to it. The assent of the husband was only important as estopping him from claiming the goods as his own, after permitting the wife to deal with them as hers. To give the statute a more limited construction would be to add to the disabilities of the wife; for then, her property could neither be applied by her husband nor by herself for her benefit, to supply her wants or minister to her comforts. The statute gives her the property, and she takes it with all the incidents of ownership absolute and unqualified. Her assignment was therefore valid, and, as we have seen, it carried with it the right of action against the defendants. Upon the facts as found by the referee as to the sixty dollars' worth of property belonging to the wife at her marriage with Sherwood, the judgment of the court below was wrong. It must therefore be reversed, and a new trial granted; costs to abide event.

WRIGHT, J., dissented; all the other judges concurring,

Judgment reversed, and a new trial ordered.