T. Spencer, Jr., by T. Spencer, *v.* W. C. Parke.

S. B. Dole for plaintiff.

R. F. Bickerton and W. C. Jones for defendant.

Honolulu, February 4, 1882.

SUPREME COURT—IN BANCO.

JANUARY TERM—1882.

*Judd, C. J., McCully and Austin, J. J.*

T. SPENCER, JR., BY T. SPENCER, HIS NEXT FRIEND AND GUARDIAN, *vs.* W. C. PARKE.

ON EXCEPTIONS.

A PETITION IN BANKRUPTCY sworn to by an attorney in fact was properly sworn to where the power authorizes the attorney "to take all lawful means by suit or otherwise for the recovery of debts due the creditor, and to compromise, agree for, and settle the same," and to make, seal, and deliver all instruments necessary or proper in the premises.

T. Spencer, Jr., by T. Spencer, *v.* W. C. Parke.

Further, it was not necessary for defendant to show *de novo* that T. Spencer was properly adjudicated a bankrupt. Such adjudication, however, was not sufficient to show T. S. insolvent.

The order to defendant commanded him to take possession of all the property of T. S. doing business under the name of T. S., Jr., at Hilo. The inventory in defendant's return is labelled "Inventory of goods seized in store of T. S., Jr." The return proper says : By virtue of the within order I took into my possession all goods of T. S. and T. S., Jr., in Hilo ;

HELD, this return does not admit property to be the plaintiff's. But if so, defendant owed no duty to plaintiff and his admission is not a conclusive admission.

The possession of goods seized was shown to be actually in T. S. and not in T. S., Jr. This was a badge of fraud, if now claimed by T. S., Jr. ; and against proof of insolvency of T. S. any bill of sale to T. S., Jr., would be void.

The evidence was sufficient to show defendant's right to take goods not recovered of him below.

Opinion of the Court by AUSTIN, J.

This is an action of replevin tried in the Court below before Mr. Justice Judd and a jury.

The plaintiff had a recovery of part of the property claimed specifically and of half of the residue thereof. From this verdict and the judgment entered thereon the plaintiff dissents, and files his bill of exceptions.

The defendant justified the seizure and detention of the property claimed by the plaintiff under an order issued in the bankruptcy proceedings against Thos. Spencer.

All the proceedings in bankruptcy, in that case, were put in evidence, including the petition, the adjudication of Thos. Spencer as a bankrupt, and the appointment of his assignees.

The plaintiff excepts to the validity of the petition because sworn to by a purported agent of the creditor under a power of attorney not sufficient to authorize the oath, or the taking of the proceeding in bankruptcy, or the filing of the bond therein required.

On looking at the power of attorney it authorizes the attorney to "take all lawful means by suit or otherwise, for the

recovery of debts due Andrew Welch, the party granting the power, and to compromise, agree for, and settle the same, and to make, seal and deliver such acquittances, receipts, discharges, satisfaction of mortgage and other instruments as may be necessary or proper in the premises."

We have no doubt this power authorized P. C. Jones, the attorney by substitution for Welch, to proceed in bankruptcy against Thos. Spencer and to give the bond required. The oath was taken by Mr. P. C. Jones, the attorney in fact, for the petitioning creditor. This was sufficient under Section 963 of the Civil Code, and in analogy to Section 1,099 as to oaths in civil actions. There is no requirement that the oath shall be personally made by the party in interest.

The proceeding was therefore properly begun. The Court acquired jurisdiction, and the subsequent proceedings are regular.

The plaintiff asked the Court to charge the jury that the defendant was required to show *de novo* that Thomas Spencer was a bankrupt and was properly so adjudicated. We think the record was proof of the regularity of all the proceedings taken, and no proof against it was made or probably could be made by the plaintiff. The objection was technical. The assignees in bankruptcy are not yet required to fight over anew upon every claim made against their estate as assignees, their title to act as such.

Under the Bankruptcy Act of the United States lately repealed, the record was made presumptive proof of all the proceedings, and a certified copy of the assignment conclusive proof of the title of the assignee to the property of the bankrupt and his right to sue therefor. By virtue of the assignment and adjudication in bankruptcy the title of the bankrupt to all his property, including property conveyed in fraud of creditors, and all rights in equity, are at once vested in the assignees, relating back to the commencement of the proceeding in bankruptcy. Bump on Bankruptcy, pp. 341,

430, 436, 438, 473, 482. United States Statutes at Large, Sections 4,992, 5,044, 5,046, 5,047, 5,049.

Without these special provisions the proper commencement of the proceeding and the formal adjudication and assignment would have been held conclusive as to all the world as to the right of the assignee to stand in place of the bankrupt and his creditors as to all his assets. Thereby no possible injury could arise to the plaintiff. The presiding Judge properly so held on the trial below.

As matter of fact proving Thomas Spencer a bankrupt did not prove him insolvent and show title for the creditors in this case and other proofs were required and were made.

The plaintiff also claims that the return of the defendant as Marshal admits the goods replevied to be the property of the plaintiff, and that thereby he is estopped from denying it. The order commanded the Marshal to take possession of all the property of Thomas Spencer, doing business under the name of Thos. Spencer, Jr., at Hilo.

Under that order the defendant took the property in question. He labels his return: "Inventory of goods and merchandise seized January 20, 1881, in the store of Thomas Spencer, Jr., by order of Supreme Court."

The return proper says: "By virtue of the within order I did on the 20th January, 1881, take into my possession all the goods and effects of Thomas Spencer and Thomas Spencer, Jr., in Hilo."

This is not a return which admits the property in issue here to be the plaintiff's. It specifies no property to belong to the plaintiff. It refers, following the language of the order of seizure to "the property of Thomas Spencer, doing business under the name of Thomas Spencer, Jr."

The Marshal and his deputy knew they had no right under the order to take any but the property of Thomas Spencer, and they seized that and intended to so return. But even if the language used could be construed as an admission of title

to any part of the property in the plaintiff, it does not estop the defendant.

The cases cited by the plaintiff's counsel are not in point here. They hold an estoppel in favor of those to whom the officer owes a duty.

In this case the defendant owes no duty to the plaintiff. He holds in opposition to him. The plaintiff is not a party to the order. He stands as a stranger to it. A direct admission that he or any other stranger owns the goods he was directed to seize as Thomas Spencer's cannot preclude the defense by the officer or those whom he represents.

This admission stands like the admission of any other party. It is evidence, but may be explained or contradicted. The defendant was not called upon to say or do anything about the plaintiff's property. If he made any report about it, it is surplusage.

The plaintiff further excepted to the refusal of the Court to charge that the action is supported by evidence that the plaintiff had the possession of the goods when taken, and that the burden of proof to show title out of the plaintiff is then on the defendant.

The Court we think rightly charged that the burden of proof was on the plaintiff. The actual possession of the goods replevied was shown to be in Thomas Spencer. Whether he held personally or as guardian for the plaintiff, Thos. Spencer, Jr., was a question of fact for the jury. That Thomas Spencer was in possession was claimed as a badge of fraud by the defendant. If the defendant's proof showed that Thomas Spencer was insolvent, and must have paid for the goods replevied, a title claimed by Thos. Spencer, Jr., by any bill of sale would be void while Thomas Spencer remained in possession, by all the leading kindred cases since Twyne's case, decided in 1602. Benjamin on Sales, Sections 484, 485, and 486. The burden of proof was on the plaintiff in this case. See Greenleaf's Evidence, Vol. 2, Section 563; Merritt *vs.* Lyon, 3 Barb., 110–12.

The only remaining point of the plaintiff is that there is literally no evidence tending to show that the goods claimed were the goods of Thomas Spencer.

Upon this point we are clearly of the opinion that, in so far as the verdict was in favor of the defendant, there was sufficient evidence to support it.

The exceptions are, therefore, overruled.

A. S. Hartwell and E. Preston for plaintiff.

F. M. Hatch for defendant.

Honolulu, February 3, 1882.