GEORGE M. BIRDSALL, Appellant, *v.* JAMES B. DAVENPORT, Respondent.

*When an unauthorized use of bonds constitutes, a conversion thereof — the right to recover therefor passes, with an assignment of the bonds.*

This action was brought to recover the value of two bonds of $1,000 each, loaned by Thomas Davenport, as the executor of an estate, to the firm of Davenport, Johnson & Co. to use temporarily, upon the agreement of that firm to return them to him when called for. The bonds were delivered to the defendant, a member of the firm, but they were not passed over to or used by it, but were deposited by him as collateral security for the payment of his individual note.

*Held,* that this unauthorized disposition of the bonds constituted a conversion.

That the fact that this use was made of the bonds before the time at which the executor sold and transferred the bonds to the plaintiff, without specifically assigning to him a right of action for their conversion, did not prevent the plaintiff from maintaining this action.

Appeal from a judgment re-entered at the New York Circuit on the dismissal of the plaintiff's complaint.

*Arthur C. Brown*, for the appellant.

*Putney & Bishop*, for the respondent.

Daniels, J. :

The action was to recover the value of two bonds for the sum of $1,000 each, loaned by Thomas Davenport, as the executor of the estate of B. L. Johnson, to the firm of Davenport, Johnson & Co. The bonds were loaned under a receipt, or agreement, subscribed by the firm in the following form :

"N. Y., 21*st July*, 1882.

"Rec'd from Thomas Davenport, ex'r of the estate of B. L. Johnson, one bond for $1,000, No. 4,408, of the C. and N. W. R. R. Co., and one bond, same amount, No. 4,764, of the Grand Rapids and Ind. R. R. Co. Which bonds we agree to return to him when called for, as they are loaned to us to use temporarily. Coupons 1st August and February, and 1st October and April.

"DAVENPORT, JOHNSON & CO."

And they were delivered under this receipt to the defendant, but they were not used by the firm of Davenport, Johnson & Co.; but it was admitted on the trial that James B. Davenport, the defendant, had given his individual note to Wells, Fargo & Co. for $1,250, and deposited these bonds with them as collateral security for the payment of that note on the day of the date of the receipt, and this deposit was relied upon by the plaintiff, as the assignee of Thomas Davenport, executor, as establishing a conversion of the bonds by the defendant.

No authority was given to the defendant in the receipt or agreement, permitting him to use these bonds as security for his own indebtedness, or upon a loan of money to himself, but they were loaned to the firm to be used by that firm temporarily. They do not appear, however, to have been passed over to the firm by the defendant, but he took the bonds and appropriated them to his own use, and as this was done wholly without authority, and outside of and beyond the object for which the bonds were delivered to him, it was under the authorities a conversion. For any misappropriation or unlawful use of another's property is a conversion; (*McMorris* v. *Simpson*, 21 Wend., 610), where it was held that an entire departure from the authority given for the disposition of the property would be a conversion of it. (Id., 615.) And this principle was followed in *Scott* v. *Rogers* (31 N. Y., 676), and in *Bank of Rochester* v. *Jones* (4 Comst., 497, 503, 504.)

This use of the bonds was made before the assignment was executed by Thomas Davenport as executor, and delivered to the plaintiff; that was made on the 6th of November, 1884, and it sold and transferred the bonds to the plaintiff, without specifically assigning to him this right of action for their conversion. But that was not necessary to enable the plaintiff to take advantage of this unlawful hypothecation of the bonds, for the assignment of the bonds themselves carried with it the right of action against the defendant for this unauthorized and unlawful appropriation of them. (*Sherman* v. *Elder*, 24 N. Y., 381, 384; *Oneida Bank* v. *Ontario Bank*, 21 N Y., 490, 497, 499; *McKeage* v. *Hanover Fire Ins. Co.*, 81 N Y., 38, 42.) This rule in no way conflicts with anything that was said in *Hall* v. *Robinson* (2 Comst., 293). And these cases are entitled to be accepted as authority, although they may differ in the

**554**     PEOPLE ex rel. McCABE *v.* FIRE COMRS.

FIRST DEPARTMENT, MARCH TERM, 1887

application of the law from those cited in support of the ruling at the trial.

The judgment should be reversed and a new trial ordered with costs to abide the event.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.