MARY FOX, Appellant, *v.* THE ONONDAGA SAVINGS BANK, Respondent.

*Supreme Court, Fourth Department, General Term, July 20, 1889.*

1. *Questions of fact. Banks.*—Where the evidence is conflicting, the question as to whether the plaintiff, in fact, received the moneys from the defendant, is for the jury to determine.
2. *Appeal. Nonsuit.*—The appellant, in reviewing the propriety of a nonsuit, is entitled to the most favorable view of the evidence.
3. *Savings banks. Duty.*—Under a by-law of the defendant providing that, "the treasurer will endeavor to prevent frauds, but all payments made to persons producing the pass-book, shall be deemed valid payments," it is the duty of the defendant to make proper investigations to obtain information and knowledge of the identity of the party who presents the pass-book, and it is liable, if it fails to perform that duty.

An order was entered at the trial dismissing the complaint upon the merits; judgment was entered upon the order; the appeal is taken from the judgment and the order.

In this action, the plaintiff seeks to recover one thousand six hundred and thirteen dollars and ten cents and interest,

alleged to have been deposited with the defendant, at divers times. There was no dispute upon the trial that the deposits were made, substantially as alleged in the complaint. Plaintiff received a pass-book from the defendant in which the deposits were entered, and she claimed upon the trial that she had received only thirty dollars of the amount deposited; and upon the trial the defendants claimed that all the deposits had been paid except one dollar and twelve cents; and it alleged that upon the presentation of said pass-book and demand therefor by said depositor or other person lawfully entitled to receive the same, payments were made by the defendant and duly entered upon said pass-book at the respective dates of such payments," amounting in the aggregate to one thousand and forty-two dollars.

The answer also set up that at the time the account was opened, "it was understood and agreed by and between said depositors and the defendant, that the defendant might and should from time to time pay to any person presenting the pass-book, the whole .or any part of any sum remaining to the credit of said account, as the same might be demanded in accordance with the rules and regulations of said defendant, for the conduct of its business, which said rules and regulations were also well-known and assented to by said depositor, and were published and contained in the pass-book issued as aforesaid, at the opening of said account, and were, also, at all of said times, duly and conspicuously posted in the business office of the defendant. That upon the occasion of each and every of such payments made, said defendant. exercised due care and diligence to ascertain that the person demanding such payment, has the right and authority to receive the same. Defendant further alleges that if any of such payments were in fact made to any person not entitled to receive the same, that such fact is due solely to the negligence and wrongdoing of the plaintiff." At the close of the evidence a motion for a nonsuit was made by the defendant on the following grounds:

*First.* That the proofs indicate that the loss, if any, was caused by the plaintiff's negligence, and not by that of defendant.

*Second.* That the plaintiff's negligence contributed to the loss and her damage, if any, sustained in this case.

*Third.* That no negligence or bad faith on the part of the bank, or any of its employes, in the payment of this money has been proved which entitles the plaintiff to recover herein.

*Fourth.* No sufficient proof of demand before action brought.

In disposing of the motion, the trial judge, among other things, observed, viz. : " It would be requiring too much credulity on the part of intelligent men, it seems to me to say that she did not know that this money was being drawn, from time to time, as it was drawn; and a finding against any such presumption as that, it seems to me, would challenge the opposition of the court. Then the evidence is upon the part of the bank that the money was paid to her. She denies that. If it was paid to her, there is no question in reference to the matter. If it was not paid to her it was paid upon her pass-book ; and paid, so far as this evidence is concerned, by the savings bank, in good faith, and without any evidence being presented that would, in any manner, have challenged their attention in any particular way, on the presentation of a pass-book, and the asking and demanding of a payment, the payment upon it, and the entering upon the pass-book in the ordinary way. Therefore, both upon the question of the payment as relieving the bank of its liability under its by-laws, and the question of knowledge on the part of the plaintiff, evidenced by the pass-book in her possession, that these payments were being made from time to time against her deposits, I think I am compelled to say that so far as these amounts are concerned she is not in a position where she can recover."

*Baldwin, Lewis & Kennedy,* for appellant.

*Stone, Gannon & Petit,* for respondents.

HARDIN, P. J.—Upon considering the propriety of a nonsuit the plaintiff is entitled to have the most favorable view taken of the evidence. She testifies positively that she did not withdraw the money from the bank, which is the subject of the controversy. What credit should be given to her as a witness was a question which ought to have been submitted to the jury. While there are many circumstances detailed by her in the course of her testimony in the direct and cross-examination which call for close attention and careful scrutiny, and while the defendant has produced a witness who testifies that he believes the payments that were made by the bank were made to the plaintiff in person, yet the question as to whether the plaintiff, in fact, received the moneys from the defendant, was one of the facts which ought to have been determined by the jury.

In Merritt *v.* Lyon (3 Barb. 112), the court, in speaking of a witness who had testified upon an important subject, observed, viz. :  " Whether, under the circumstances, he was a credible witness or not, was solely a question for the consideration of the jury.  A nonsuit cannot be granted on the assumption, by the judge, that the plaintiff's witness is not to be believed."  We think the trial judge disregarded this principle, and the comments which we find he made in granting the motion are indicative that for the moment he became unmindful of the rule just quoted.

*Second.*  In the general statute in respect to powers, rights and liabilities of savings banks (chapter 371 of the laws of 1875) is found a provision proper to have in mind in the further consideration of this case.  In section 23 of that statute it is provided as follows :  " The sums so deposited, together with any dividends or interests credited thereto, shall be paid to such depositors respectively, or to their legal

representatives, after demand, in such manner and at such times and after such previous notice, and under such regulations as the board of trustees shall prescribe, which regulations shall be put in some conspicuous place in the room where the business of such corporation shall be transacted, and shall be printed in the pass-books, or other evidence of deposit furnished by the corporation, and shall be evidence between the corporation and the depositors holding the same, of the terms upon which the deposits therein acknowledged are made."

The defendant complied with this provision of the statute, and its board of trustees prescribed regulations, which were put up in a conspicuous place in the bank and which were printed in the pass-books. As this is a controversy between the depositor and the corporation, we may turn to those regulations for the purpose of ascertaining " the terms upon which the deposits therein acknowledged are made." See section 23, Laws, 1875, p. 408.

In chapter 347 of the Laws of 1878, we find an amendment of section 32 of the general act of 1875, providing that such banks will not pay a deposit, or any portion thereof " unless the pass-book of the depositor be produced, and the proper entry be made therein at the time of the transaction." See Laws of 1878, p. 435.

Upon the evidence, it must be assumed that the plaintiff's pass-book was produced at the bank to its officers, when they advanced the several sums delivered by them to the party who produced the pass-book as and toward payments upon the account of the plaintiff. Whether the plaintiff was present herself when the pass-book was presented, and the several sums advanced by the defendant, or whether the pass-book was obtained surreptitiously from her possession and clandestinely presented to the officers of the defendant, and the several entries made thereof at the time of the several advances made by the defendant, were questions of fact which ought to have been submitted to the

26

jury.  The evidence was conflicting.  If the plaintiff is believed as a witness, she did not present the pass-book ; she did not receive the sums of money advanced by the defendant ;. she did not authorize any person to use the pass-book for the purpose of obtaining the money from the defendant. If she is believed, a fraud was practiced upon her by procuring a pass-book, carrying it to the defendant's bank, soliciting the money upon the account, receiving the money from the defendant,.and allowing the defendant to make the entries in the pass-book.  The degree of intelligence or understanding which the plaintiff possessed ; the extent of her ability to read the writing; to read figures, to comprehend accounts; to understand the different sides of the account, and the significance of entries therein, were questions appropriate for the consideration of the jury in determining what credence should be given to her testimony.

So, too, the testimony of the defendant's officer, who in effect, testifies that he paid the moneys to her, is to be considered, and the light of the circumstances disclosed by him, as to the time of day when the payments were made ; as to the extent of his knowledge and acquaintance with the plaintiff ; as to the extent of his confidence·in his supposed identification of the plaintiff as the party who produced the pass-book, together with all other circumstances bearing upon the inquiry as to whether the money was received by the plaintiff, or by another person who fraudulently produced the pass-book.  We think the evidence called for the submission of such questions to the jury for their determination.

Again, it appears by one of the regulations or by-laws adopted by the defendant, under the statute authorizing such regulations or by-laws, it was provided, among other things, viz.: " The treasurer will endeavor to prevent frauds, but all payments made to persons producing the pass-book shall be deemed valid payments, and shall discharge the bank from any further liability.  No depositor shall be enti-

tled to draw any principal or interest without producing the original pass-book and having the amount entered therein."

According to the provision found in section 23 of the act of 1875, to which we have already referred, this regulation is "evidence   *   *   *   of the terms upon which the deposits therein are made." It was, therefore, a part of the defendant's agreement with the plaintiff that it should "endeavor to prevent frauds." It was the duty of the defendant to make proper investigations to obtain proper information and proper knowledge of the identity of the party who presented the pass-book in order to carry out that part of its contract mentioned in the regulation or by-law from which we have quoted.   62 N. Y. 12.

Whether or not the bank exercised proper care in making the advances upon the pass-book under the circumstances disclosed by the evidence, is, and we think, was a question of fact which ought to have been submitted to the jury.   Such is the rule laid down in Cornell *v.* Emigrant Industrial Savings Bank (9 N. Y. State Rep. 72.)

In Smith *v.* Brooklyn Savings Bank (101 N. Y. 58) it was held that "possession by a stranger of the pass-book of a depositor in a savings bank constitutes no evidence of a right to draw money thereon." It was further held in that case, "that to make payments to one having no other evidence of authority than possession of the book, a protection to the bank, it is necessary for it to show some special contract with the depositor authorizing such a mode of payment."

In the case to which we have just referred, in closing the opinion, Judge RUGER says : "The court below erred in refusing to submit the question to the jury as to whether, upon the evidence in the case, the defendant exercised reasonable care and prudence in making the alleged payments."

It was said in Boone *v.* Citizens' Savings Bank of the City of New York (84 N. Y. 88) that where the bank "has

agreed to use its best endeavors to prevent fraud, it must exercise diligence, and is put on inquiry by circumstances of suspicion."

There is some evidence in the case in hand which, if credited, would warrant the conclusion that there was not the fullest care and highest caution, and perhaps would uphold a finding that there was not an exercise of ordinary care and diligence.

We refrain from commenting on the evidence, as the views we have already expressed lead to a new trial where the questions of fact must be determined by a jury.

Judgment and order reversed on the exception and a new trial ordered, with costs to abide the event.

MARTIN, J., concurs, and MERWIN, J., concurs in the result.