### KRESS v. EAST SIDE SAV. BANK.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

SAVINGS BANKS—DEPOSITS—PAYMENT TO WRONG PERSON.

Laws 1875, c. 371, § 23, provides that deposits in savings banks "shall be repaid after demand, under such regulations as the board of trustees shall prescribe, which regulations shall be put in some conspicuous place where the business shall be transacted, and shall be printed in the pass books." *Held*, that by-laws reciting that "on making the first deposit each depositor shall be

required to subscribe his name in the signature book, thereby signifying assent to the by-laws," and that "all payments made to persons producing the deposit book issued by the bank shall be deemed valid payments to the depositors respectively," did not exempt the bank from liability for money paid to a person presenting a stolen pass book, unless it was shown affirmatively that the bank had complied with the statute.

Appeal from Monroe county court.

Action by Joseph Kress against the East Side Savings Bank for the recovery of money. From a judgment entered on the verdict for plaintiff in the county court, on appeal from the municipal court, and from an order of the county court denying a motion for a new trial on the minutes, defendant appeals. . Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

C. C. Davy, for appellant.

James S. Havens, for respondent.

MACOMBER, J.  The plaintiff was a depositor in the bank of the defendant, which is a savings bank, organized under the laws of the state of New York, and on the 9th day of July, 1891, had a balance to his credit in that bank of $164.66.  On the last-named day the plaintiff's pass book was presented to the bank by one Wendell Kress, a brother of the plaintiff, and this balance, with interest thereon, was paid to Wendell Kress, by the officers of the bank.  But the check upon which this deposit was withdrawn was a forgery, and the bank book of the plaintiff, which was presented to the bank, was stolen by Wendell Kress from the true owner, for the felonious purpose of obtaining such moneys for his own use.  This fact is abundantly established by the evidence, and the verdict of the jury is conclusive thereon.  Indeed, had the jury found that Wendell Kress had any authority from the plaintiff so to withdraw these moneys, its verdict would not have been sustained by any evidence in the case, except by the testimony of certain witnesses, called "experts," who were called to testify as to the identity of the handwriting of the plaintiff and of his brother, Wendell.  The original deposits amounted in all, with interest, to $179.66, and the first of them was made in the year 1889.  On June 26, 1891, the plaintiff, himself, personally drew out the sum of $15.00.  The only defense interposed by the defendant entitled to much consideration is that liability cannot attach to it, because its officers exercised proper care in paying out these moneys to Wendell Kress.  Among the by-laws of the defendant are these:

By-law 15: "On making the first deposit, each depositor shall be required to subscribe his or her name in the signature book of the bank, thereby signifying assent to the regulations and by-laws of the bank."

By-law 20: "The secretary shall endeavor to prevent frauds; but all payments made to persons producing the deposit book, or duplicates thereof, issued by this bank, shall be deemed valid payments to the depositors respectively."

These by-laws are printed both in English and in German in the pass book presented by the defendant to depositor, and the plaintiff, who is a German, when he made his first deposit, signed his name in the signature book of the bank.  It having been thoroughly established that the balance of the plaintiff's deposit was withdrawn from the bank

through forgery, it was incumbent upon the defendant, in order to absolve itself from liability, to show that it had conformed to the act of 1875, (Laws 1875, c. 371,) and so rendered effective rules 15 and 20, above quoted, thus preventing a recovery by the plaintiff substantially upon the ground of his own laches in permitting his bank book to get into the hands of another person. Shipman v. Bank, 126 N. Y. 318, 27 N. E. Rep. 371. The authority for the adoption by the banks of the by-law No. 20, above quoted, is section 23 of the act of 1875, which is as follows:

"The sums so deposited, together with any dividends or interest credited thereto, shall be repaid to such depositors respectively, or to their legal representatives, after demand, in such manner, and at such times, and after such previous notice, and under such regulations as the board of trustees shall prescribe, which regulations shall be put up in some conspicuous place in the room where the business of such corporation shall be transact, and shall be printed in the pass books or other evidence of deposit furnished by the corporation, and shall be evidence between the corporation and the depositors holding the same of the terms upon which the deposits therein acknowledged are made."

In order to absolve itself from the claim made by the plaintiff for the return of his deposits to him there was devolved upon the defendant the duty to show affirmatively that it had complied with the provision of section 23, c. 371, Laws 1875, which section remains unaltered in the Revision of 1882, (chapter 409, Laws 1882). It is true, this regulation was printed in the pass book delivered to the plaintiff, but it was never read by him. This provision for the printing of the regulations in the pass books, and posting them in a conspicuous place in the room where the business of the corporation is transacted, is not by any means a contract entered into between the plaintiff and the defendant. It is a positive, affirmative provision of the statute requiring the defendant to do these things, before it can avail itself of this defense, which is wholly statutory and unknown to the common law. Having undertaken to establish this defense, it was incumbent upon the defendant to establish it in accordance with the terms of the statute, and, failing in that, we think it has failed altogether in its defense. The payment of the deposit to the forger, Wendell Kress, was made by the bookkeeper, who at times discharged the duties of teller or cashier. He was unacquainted with the plaintiff, and was aware of such fact of want of knowledge, when he paid over the money to Wendell Kress. He had no recollection of comparing the signature to the check with the signature on the book of the bank, though he, from his general course of business, had no doubt he had done so. Knowing that 24 days before this time the bank had paid upon the true signature of Joseph Kress a portion of his deposits, he did not look at that signature. The signature book showed that the residence of Joseph Kress was 15 Cleveland park; but he did not take the precaution to ask Wendell Kress his place of residence, though he admits that such a question might have led to a discovery of the fraud and forgery. Indeed, he made no inquiry of Wendell whatever, not even to the extent of asking him if he were Joseph Kress. He seems to have neglected the plain and ordinary precautions of detecting any fraud that might be attempted to be perpetrated. Kummel v. Bank, 127 N. Y. 488, 28 N. E. Rep. 398; Cornell v. Bank, 9 N. Y.

St. Rep. 72; Saling v. Bank, (Com. Pl. N. Y.) 7 N. Y. Supp. 642;. Fox v. Bank, (Sup.) 7 N. Y. Supp. 17.

Certain other alleged errors in the record are brought to our attention by the learned counsel for the appellant, but, after examining them in detail, we do not find in them any reason for disturbing the judgment appealed from. The charge of the learned county judge, as a whole, was quite as favorable to the defendant as the facts of the case would warrant. The judgment and order appealed from should be affirmed.

Judgment and order of the county court of Monroe county appealed from affirmed, with costs. All concur.