## George Granger *vs.* Joseph R. Ilsley.

Under *St.* 1852, *c.* 312, §§ 14, 15, the illegality of the contract declared upon, in an action on the common counts, or on an account annexed, cannot be given in evidence by the defendant, unless specified in his answer.

ACTION OF CONTRACT, upon an account annexed, for several lots of lumber sold and delivered to the defendant. Writ dated May 18th 1852. Answer, a denial of the sale and delivery of the articles mentioned in the account annexed. Trial in the court of common pleas, before *Mellen*, J. who signed the following bill of exceptions :

" There was evidence tending to show that the lumber described in the account annexed was brought into this state by water, and had never been surveyed, numbered and marked according to law ; and that it was delivered to be used in this state. The counsel for the defendant proposed to ask a witness for the plaintiff whether any portion of the lumber which was delivered to the defendant had been surveyed, marked and numbered according to law, since its arrival within this state, and before its delivery to the defendant, and whether any part of said lumber was delivered to the defendant to be carried out of the State. The question was objected to, because, under the defendant's answer, it was not open to the defendant to raise the question of sur·

44 *

vey. The court excluded the question. The counsel for the defendant then moved the court for leave to amend his answer so as to open to him the question of survey, which the court, under the circumstances, in the exercise of its discretion, refused to do. Afterwards the counsel for the defendant requested the court to charge the jury that it was incumbent on the plaintiff in order to maintain his action, to prove a survey of the lumber according to law, and that if it should appear upon the evidence, or in any other way, that there had been no such survey of the lumber described in the account annexed, as the law required, then the plaintiff could not recover; which the court refused to do. To all of which the defendant excepted."

This case was argued at November term 1853.

*E. F. Stone,* for the defendant. A sale of lumber, not surveyed, marked and numbered, as required by law, is expressly prohibited by Rev. Sts. *c.* 28, § 154; and is therefore void. *Wheeler v. Russell,* 17 Mass. 258. And such invalidity may be shown under the general answer. *Hulet v. Stratton,* 5 Cush. 539. *Dixie v. Abbott,* 7 Cush. 610. *Craig v. Missouri,* 4 Pet. 426. The burden of proof was on the plaintiff to show that the requirements of the statute had been complied with. *Stebbins v. Leowolf,* 3 Cush. 137. *Bosworth v. Swansey,* 10 Met. 363.

*S. H. Phillips,* for the plaintiff.

BIGELOW, J. According to the recent decision of this court in *Dixie v. Abbott,* 7 Cush. 610, a defendant, under the old rules of practice, which required him to specify only matters in discharge or avoidance of the action, might, in an action of *indebitatus assumpsit* for goods sold, give in evidence, under the general issue, without any specification of defence, any facts which tended to show that the transaction relied on in support of the action was in contravention of a statute and therefore void for illegality. But this rule of practice was changed by St. 1852, *c.* 312, §§ 14, 15, so far, at least, as relates to actions on the common counts and the count on an account annexed. By these sections, it is required, not only that " the answer shall deny, in clear and precise terms, every substantive fact intended to be denied in each count of the declaration separately, or shall de-

clare the defendant's ignorance of the fact " — which is the general rule applicable to all civil actions; but it is also provided, that, " in answering the common counts and the count on an account annexed, the defendant shall answer every item specifically; and if he shall deny that any item is due or payable, or that he owes the plaintiff as alleged, he shall state all the substantive grounds on which he intends to rest such denial." This language is very explicit, and admits of only one construction. A general denial of indebtment, or a denial that a particular sum is due, is insufficient. The answer must go further, and state the specific ground of denial, so that the case may be brought at once to a precise and distinct issue of fact on each item or class of items. If, for instance, the ground of defence is that an article was never delivered, or that it was sold contrary to law, or if any defence is intended which goes to show that the transaction was illegal or void in its inception, it must be specified in the answer, in the same manner as release, accord and satisfaction, infancy, or any other defence in its nature matter of discharge or avoidance.

In the case, at bar, the answer of the defendant denied only the sale and delivery of the several items of lumber specified in the account annexed. The sale and delivery therefore were the only facts which the plaintiff was bound to prove at the trial, or which the defendant could be permitted to controvert. No evidence was relevant, which was not pertinent to this precise issue. The testimony offered on the part of the defendant did not tend to disprove either of these facts. On the contrary, the grounds of defence, which the defendant thereby sought to develop, implied an admission of the sale and delivery of the lumber, and set up the new and distinct fact, that it was sold without a survey, contrary to the provisions of the statute; and that, for this reason, no action would lie to recover the price. We are therefore of opinion that the court, in rejecting the evidence offered by the defendant, and refusing to give the instructions asked for by him, acted on a sound construction of the practice act, as applied to the case on trial; and that the exceptions, for this reason, cannot be sustained.

Whether a similar rule will apply to actions on promissory notes, bills of exchange and other simple contracts, under the provisions of *St.* 1852, *c.* 312, §§ 14, 18, 26, we have not had occasion to consider, and do not intend to express any opinion on the question, until it shall be directly brought before us.

*Exceptions overruled.*