## McMullen v. McMullen.

1. HUSBAND AND WIFE. Under the laws of this State a wife can contract with her usband only through a third person in the capacity of trustee. She can maintain an action against her husband only by a next friend. The disabilities of coverture in these particulars have not been removed by chapter 84 of the Code of 1851.
2. RIGHTS OF THE WIFE IN EQUITY. A court of equity will decree to the wife a separate provision out of property held by the husband in her right, when it is shown that she has been deserted without adequate means of support, or has been forced by the cruel conduct of the husband to leave his protection. A separate support will not be granted when the separation was not the result of either of these causes.

*Appeal from Linn District Court.*

TUESDAY, JUNE 5.

IN CHANCERY. Bill by the wife against her husband for an account of money and property received by him from

McMullen v. McMullen.

her during coverture, and for a decree for the amount of the same. The motion of the defendant to dismiss the bill was overruled, and he appeals. Other material facts are presented in the opinion of the court.

*I. M. Preston* and *William G. Thompson* for the appellant.

*Hubbard & Stephens* for the appellee, cited chapter 84, Code of 1851, 2 Story Eq. Jur., title "Married Women."

LOWE, C. J.—The plaintiff being the wife of the defendant, sues him for the price and value of certain property, personal and real; also for money, amounting in the aggregate to thirty-eight hundred dollars, more or less, which he had received from her, at different times after their intermarriage, in December, 1858, in Indiana, and for which he agreed at the time, as the petition states, to account to her. She asks that he may be required to account, and that a judgment may be rendered against him for the amount found to be due her.

What the relative rights of the parties were, under the laws of Indiana, where the most of this property was reduced to the possession of the husband, does not appear from any statement made in the petition. Chapter 84 of our Code secures to her some substantive rights of property, which she may hold separate and distinct from her husband, and exempt from his debts, by having a schedule of the same made and recorded in the manner prescribed by that chapter, but it does not remove from her the disabilities of coverture or give her any remedial rights in her own name, until she obtains authority from the District Court to transact business as though unmarried, provided for in section 1456 of that chapter, and this is not averred in the bill.

Until this occurs we infer that she labors under the same disabilities during coverture, under the Code, that she does at common law. If so, she could not make such a contract as is stated in the petition with her husband, which would be

McMullen v. McMullen.

binding upon either one, unless it was made through the medium of a third person or trustee, in her behalf; nor could she maintain a suit except by her next friend.

In this case the petition states that the parties have been separated about eighteen months, but does not disclose the cause of this separation; whether it was temporary or permanent, or whether it was by mutual agreement, or from desertion by one party or the other, either with or without cause. Under such circumstances, at common law, the wife could have no claim or equity for a separate support or maintenance. Clancy and Bright, on the law of husband and wife, lay it down that whenever a husband has property, real or personal, in right of his wife, within the jurisdiction of a court of equity, if he misconducts himself towards her, either by leaving her without the means of support, or by harsh and cruel conduct, that court will intercept his marital right to the property, and maintain his wife out of it until he returns to his duty. But then they say, also, that a separation between husband and wife, without cruelty or desertion on his part, will not raise an equity for the wife to claim a provision of this kind. It is essential to the validity of her claim that one of these two ingredients should exist in the transaction, namely, either that her husband should have deserted her without giving her adequate means of support, or that she should have been forced by his cruel conduct, to leave his protection. If a separation has taken place without either of these causes, and the wife seeks a separate maintenance out of her equitable estate, the application will be refused.

Applying these principles, the plaintiff has no case which the court would be authorized to entertain; nor do we think that the provisions of the Code change the common law practice in this respect. It is true the plaintiff states in her petition that there was a separation in fact, but was there *de jure?* Will the law regard a separation that takes place without any cause whatever? Are they not in contemplation of law, under such circumstances, cohabiting together?

If so, they are one, and their interests identical, and what would such a judgment as she seeks to recover against her husband be worth to her in case it was granted by the court? It is very possible the plaintiff may be able to state a case that will entitle her to relief in equity, but it is our opinion that she has not done so in the present case, and the order of the court overruling a motion to dismiss the petition for want of equity, must be reversed.