## JONES V. JONES.

1. **New trial:** VERDICT AGAINST EVIDENCE.  When the evidence is conflicting the Supreme Court will not reverse a judgment on the ground that the verdict was against the evidence.

2. **Husband and wife:** NOTICE OF TITLE.  The property of the wife does not vest in the husband, and the notice required by chapter 101 of the Revision is for the protection of the creditors of the husband and *bona fide* purchasers; but an omission to record the same does not prejudice the rights of the wife as against the husband.

Jones v. Jones.

3. —— WIFE'S RIGHT OF ACTION AGAINST HUSBAND. A wife who has abandoned her husband for cause, or has by him been driven from his home without cause, may maintain an action of replevin against him, in her own name, to recover the possession of her separate property.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 7.

REPLEVIN by the wife against the husband for a bureau, table and other articles of household furniture. It seems that the parties were married in 1854, and that this property, belonging to the wife before the marriage, was brought by her to the defendant's house, and there used by them until their separation in 1862. She left her husband, as she alleges, for cause. This is denied, and upon this subject the testimony is somewhat conflicting. After the separation, and after, as plaintiff claims, due demand, this action was brought. Plaintiff had three children by a former husband, at the time of this marriage, and three others by the defendant, all of whom lived with the family. The parties were not divorced at the time of commencing this suit, nor was any bill filed or pending for that purpose. Verdict and judgment for plaintiff, and defendant appeals.

*James M. Ellwood* for the appellant.

As a legal proposition, it is clear that an action of replevin cannot be maintained where the property comes rightfully and lawfully into the possession of the defendant, without proof of a demand of the same and a refusal to deliver it. *Gilchrist* v. *Moore*, 7 Iowa, 9 ; *Cutler* v. *Fanning*, 2 Id., 590.

*Polk & Hubbell* for the appellee.

. The personal property of the wife, if left under the control of the husband during coverture, *does not, as between*

*husband and wife, vest in the husband.* Rev., 1860, §§ 2499, 2513; *Lock* v. *Scott,* 13 Ind., 255; *Van Sickle* v. *Van Sickle,* 8 How. Pr. R., 268; *Sherman* v. *Elder,* 24 N. Y., 381; Rev., 1860, § 2771.

WRIGHT, Ch. J. — Three questions demand our attention: *First.* Can the wife maintain replevin against the husband during the continuance of the coverture? *Second.* If so, was this her property? *Third.* Was there a demand and refusal prior to the institution of this suit?

These questions we shall consider in the inverse order of their statement.

And first, as to the demand and refusal. Upon this subject the court instructed the jury to find specially, and such finding was in favor of plaintiff. The necessity of a demand and refusal is not controverted by appellee, and the only issue is whether the verdict in this respect was warranted by the evidence. Appellant's counsel have directed most of their arguments to this point, and yet after examining the testimony with much care, we cannot say that the verdict was unwarranted. It is the ordinary case of conflict in the proof. As in many other cases, so in this, we remark, that as an original question, we should have found otherwise. There was testimony, however, from which a demand and refusal might be inferred, and with the finding (special and explicit upon the very point) we cannot, under such circumstances, interfere. For a very similar case on this as well as other points involved herein, see *Scott* v. *Scott,* 13 Ind., 225.

II. Was this the wife's property? Here the point made is, that the wife, at the time of the marriage, brought this property to the house, possession and custody of the husband; that it so remained, and that, inasmuch as she failed to file a notice of ownership as required by § 2502, and other parts of ch. 101, of the

*[margin notes: 1. NEW TRIAL: verdict against evidence. 2. HUSBAND AND WIFE: notice of title.]*

Revision, it vested in him absolutely, and could not afterwards be reclaimed by her. The material parts of this chapter, demanding a construction, are as follows: The personal property of the wife does not vest at once in the husband, but, if left under his control, it will in favor of third persons acting in good faith, and without knowledge of the real ownership, be presumed to have been transferred to him, except as hereinafter provided (§ 2499). If the wife has such property, which she leaves under his control, she must, in order to avoid the entire surrender of her interest therein, file, for record with the recorder of deeds, a notice, stating the amount in value of such property, and that she has a claim therefor out of the estate of her husband, and, if during her lifetime he dies or becomes insolvent, she shall be deemed a preferred creditor of the estate to that amount, without interest, and may hold and control the same in her own right; but this preference shall not prejudice the interests of those creditors who became such after the property was thus placed under the husband's control, and before the filing of the notice aforesaid, unless they had knowledge of her right in that respect (§ 2500). Specific articles of personal property may be owned by the wife, exempt from the husband's debts, although left under his control, if, during his lifetime, and prior to its being disposed of by him or levied upon for his debts, notice of her ownership is filed for record with the recorder of deeds of the county. But such notice shall not exempt her property from liability for his debts contracted after it was left under his control, and before the filing of the notice aforesaid, except as against those having knowledge of her rights (§ 2502).

In the light of these provisions, we are certainly not mistaken in saying, that the notice or notices therein contemplated were intended to protect the property from the

husband's debts, or a purchaser from him, without know-
ledge of her ownership. As between them, the leading
emphatic declaration, that "the personal property of the
wife does not vest at once in the husband," remains unaf-
fected. All the other provisions as to notice, of course,
could not apply to them. He has the knowledge of the
true ownership, and hence needs no notice. As to credi-
tors and purchasers, however, in order to prevent frauds
and impositions, the statute provides for notice. (*Smith* v.
*Hewett*, 13 Iowa, 94; *Odell & Updegraff* v. *Lee & Kinnard*,
14 Id., 40.) The statute, it is true, is a marked and radical
innovation upon the common law rule, for under this, the
property would have been his, as absolutely as though he
had acquired it by purchase. It, however, adopts the
equitable rule, for under this a court of equity would
always protect her in the enjoyment of property as against
the husband, or others even, which she received by gift,
devise or otherwise, to her separate use. *Darby* v. *Calla-
ghan*, 16 N. Y., 71; *Anderson* v. *Same*, 2 M. & K., 427;
*Carmel* v. *Buckle*, 2 P. Will., 243; *Sherman* v. *Elder*, 24
N. Y., 381; *Merritt* v. *Lyon*, 3 Barb., 110; *Edgerton* v.
*Thomas*, 5 Seld., 40. And in the language of the case in
24 N. Y., these provisions "demand a liberal construction
to carry into effect the beneficent intent of the legislature."
This is also the command of our own legislature. (§§ 2622,
5112.)

III. It only remains, then, to inquire whether, during
the continuance of the coverture, she can sue him in
replevin in respect to such property. And this
question, from the attitude of this case, we deter-
mine upon the assumption that she left him for
cause, or was driven away without cause. The point was
not made in the court below; her right to bring such an
action being started for the first time on the argument in
this. There is testimony tending to show that she had

Jones v. Jones.

cause for leaving; and as the point made goes to the very foundation of the whole proceeding and is important in its practical bearing, we have deemed it proper to dispose of it upon the assumption warranted by the testimony. Whether, *in view of the character of the relation*, she could maintain the action where she left voluntarily, or without cause, is an inquiry of more difficulty, and one that we do not now determine. For, while she might, under the statute, *sue in her own name* in one case as well as the other, the difficulty is, that in one case she might be entitled to the *possession of such property*, while in the other she might not. And, indeed, we may remark, that we can readily see, in considering the nature of the relation, that the argument in favor of her right to the possession, might obtain with much force in one case and not in the other.

In sustaining the action upon the assumption just stated even, we admit that the innovation thus recognized is radical, if not so startling as to lead any one to doubt the propriety of admitting its correctness. And yet it must be remembered, that if such is the law, our duty is a plain one. "Whether," in the language of the court in Indiana (13, 230), "the provisions of the statute are wise and salutary, and calculated to promote the harmony of domestic life, preserve the sacredness of the marriage relation, and promote the real interest of those for whose benefit they were intended, are questions not for the determination of the courts. If experience shall prove them to be unwise and impolitic, the body only that enacted can repeal or modify them."

We turn, then, to the statute, to discover if we can, the "idea sought to be announced therein."

By § 2971 it is declared that "when a married women is a party (to an action), her husband must be joined with her," except that:

"1. When her action concerns her separate property, or

is founded on her own contract, she may sue and be sued alone.

"2. When the action is between herself and her husband, she may sue and be sued alone, and in no case need she prosecute or defend by guardian or next friend."

Now, aside from some other provisions limiting the scope and meaning of this section, it would seem perfectly clear that this action was properly brought. And we certainly know of none. On the contrary the "substantive" laws of this State concede to a married woman rights in property very different from what she possessed at common law, and it is but meet and proper that this change should be accompanied with additional adjective or remedial rights. For how else would a right of property be made available?

Does this action, then, concern her separate property? We have already seen that it does. If the husband had sold it to a party having knowledge of her ownership, there can be no question as to her right to sue such purchaser in her own name. *Kramer* v. *Conger*, 16 Iowa, 434. But he himself without cause refuses to deliver it. The action then becomes one between *them*, and the law is, that in such a case "she may sue alone." And why not? If the husband should surreptitiously take the wife's separate property, as for instance her bank stock or written securities, and offer them in the market at a ruinous sacrifice, or under such circumstances as to indicate a willful intention to deprive her of all interest therein, there would be but one opinion as to her right, in some manner, to restrain him and regain the possession of such securities. And such an action she could unquestionably bring in her own name, for she is not required to prosecute by guardian or next friend; and she could not sue in the name of another so long as she was the party in interest. That case differs

from this only as to the right of recovery, and not at all when we inquire who are proper parties.

The Indiana statute is precisely like ours, and it is there expressly held that the wife may sue in her own name. (*Wilkins* v. *Miller*, 9 Ind., 100; *Scott* v. *Scott*, 13 Id., 225.) The last case is directly in point; for there the property, as here, consisting of horses, farming implements, household furniture, &c., was owned by her prior to, and was taken to their home at the time of the marriage. And it is also held there that the statute authorizing her to thus sue was not intended to give her the right to sue her husband for divorce and alimony alone. Nor could this well be the construction; for this authority or right she had before or without the aid of the statute. Indeed, it it seems to us but too manifest that it was intended to give to the wife the same authority at law that she formerly had in equity, with the further provision that she can sue in her own name, without the intervention of a guardian or next friend. This is certainly the thought entertained by the Commissioners of Revision (see note to § 2771), is in accord with the plain reading of the statute, and is not unsupported by authority. Thus, in addition to the cases cited, see *Sherman* v. *Elder*, 24 N. Y., 381; *Van Sickle* v. *Same*, 8 How. Pr., 268; *Ritter* v. *Same*, 31 Penn., 396; *Goodyear* v. *Rumbaugh and wife*, 13 Id., 480; *Sheidle* v. *Weishlee*, 16 Id., 134.

We only need remark, in conclusion, that the case of *McMullen* v. *Same*, 10 Iowa, 412, was decided before the taking effect of the Revision, and under the common law rule.

Affirmed.