## LOWER v. LOWER.

1. **Practice in the Supreme Court:** QUESTIONS NOT MADE BY THE ISSUES. The Supreme Court will not decide questions not raised by the issues nor passed upon by the court below.

2. **Husband and Wife:** PROPERTY OF WIFE: CODE OF 1851. Under the Code of 1851 the property of the wife, which was under the control of the husband, did not vest in the husband in such sense as to give his heirs and personal representatives a right therein superior to the wife.

3. ——: ——: STATUTE OF LIMITATIONS. The statute of limitations would not commence to operate against her right of recovery of such property until after the death of the husband.

*Appeal from Monroe Circuit Court.*

TUESDAY, OCTOBER 2.

THE defendant is the administrator of the estate of Michael Lower, deceased. The plaintiff, who is the widow of the decedent, filed a claim against the estate for money received in 1853. She alleges in her petition that when married to the deceased she was the widow of one Boggs, and subsequently her second husband purchased the real property belonging to the estate of Boggs, in which she was entitled to dower; that in satisfaction of her claim for dower a portion of the proceeds of the property was set apart to her, which, under an arrangement with the decedent, was appropriated in payment of the land purchased by him, he agreeing to repay her the money thus advanced. In other words, her husband used money belonging to the plaintiff, under an agreement that it should remain her separate property and be repaid to her. This is the purport and substance of plaintiff's claim.

The answer admits the receipt of the money by the decedent, but denies that there was any agreement on the part of the husband to repay it to the wife, and avers that the money was given by the plaintiff to her husband without any expectation of its repayment. The defendant also pleaded the statute of limitation as a defense to the action, both by de-

murrer and in the answer to the petition; the demurrer was overruled.

The cause was submitted to the court without a jury and judgment entered for plaintiff. The court made no finding of facts. Defendant appeals.

*Perry & Townsend* and *D. Anderson,* for appellant.

*Dashiell & Andrews,* for appellee.

BECK, J.—I. It is first insisted that the evidence fails to support the judgment of the Circuit Court.

The cause is not triable here *de novo,* and the judgment of the court upon the facts, as the verdict of a jury, must be sustained unless it be so wanting in support of the testimony that a presumption arises it was not the result of an honest and intelligent exercise of the discretion of the court. There is no ground for such presumption in this case. We cannot, therefore, interfere with the judgment as being in conflict with the testimony.

II. It is next argued that the contract under which plaintiff claims to recover is defeated by the statute of frauds; but no such defense was raised, either by demurrer or answer, in the court below. The question is first raised in this court. Under familiar rules prevailing here, we cannot decide questions not raised by the issues in the case, and that were not presented to and passed upon by the court below.

1. PRACTICE in the supreme court: questions not made by the issues.

III. The objection to the enforcement of the claim based upon the statute of limitations, urged in the court below, is renewed here. The transaction and agreement under which plaintiff claims to recover were made in 1853. Under the statute then in force personal property of the wife did not vest in the husband, but when left under his control, as against third persons acting in good faith and without notice of the real ownership, it was presumed to have been transferred to him, unless the wife caused a record to be made of her rights and claims. In that case she became a preferred creditor of her husband for the value

2. HUSBAND and wife: property of wife: code of 1851.

Lower v. Lower.

of the property without interest, in case of his death or insolvency. Code 1851, sections 1447, 1448. The statute repealed the common law so far as to secure to the wife a claim against the estate of the husband for her property which he reduced to his possession. The statute was intended not only to protect the property from the creditors of the husband having notice of her rights, but also to protect the wife as against the representatives of the husband upon the happening of his insolvency or death. In case of his death she was a preferred creditor, if the record notice required by the statute had been given. But in case it had not been given what were her rights? The statute declares that her property does not vest in the husband when left under his control, only as against " third persons acting in good faith and without knowledge of the real ownership." Who are such persons? They are creditors of the husband, not the husband himself. It is equally clear that the heirs and personal representatives of the husband are not of the class who have rights superior to the wife, for they stand in the shoes of the husband. If the husband would not acquire right to the property on account of the failure of the wife to give the record notice, neither would they. The husband's right to the property, in the absence of the notice, is denied in *Jones v. Jones*, 19 Iowa, 236.

In case the wife does not recover the property during the life of the husband, the statute provides, under this interpre-

3. —: ——: tation, that she shall then have a remedy against
statute of lim-
itations. his estate. It contemplates the continuance of the husband's possession of the property or the withholding compensation therefor from her during his life. This would appear proper in view of the relation of the parties. The convenience, interest and peace of the parties would require the continuance of the possession of the wife's property in the husband, or his remaining her creditor, without liability for interest upon the debt, during his life. Indeed, it is probable that she could have no remedy against him personally, while they lived together as husband and wife, and that her rights could only be enforced after their separation or his death. *Jones v. Jones, supra; McMullen v. McMullen*, 10 Iowa, 412.

· In this view of the law, the contract upon which plaintiff bases her action contemplated that the husband should hold the money during his life or until separated. Her right of action, therefore, did not accrue until his death, as it is not shown they had separated in his lifetime. The statute of limitations, it follows, does not bar plaintiff's action.

AFFIRMED.