BURT v. DECKER ET AL.

1. **Pleading**: LEGAL CONCLUSION: BAD ON DEMURRER. Where property was rightfully levied upon by direction of the creditors, and, in an action against them for converting it to their own use, the petition alleged that *by and through the officer* they had converted it to their own use and benefit, *held* that this was but the allegation of a legal conclusion, and that, in the absence of any statement of what defendants did after directing the levy, the petition was properly held bad on demurrer.

*Appeal from Butler District Court.*

TUESDAY, JUNE 10.

ACTION AT LAW. A demurrer to the petition was sustained, and the plaintiff appeals.

*J. H. Scales*, for appellant.

No appearance for appellee.

SEEVERS, J.—The petition is as follows:

"That about the 13th day of September, 1880, plaintiff then being the owner of a quantity of oats, about four hundred bushels, the defendants (except Otis Baker) commenced an action in justice's court against this plaintiff, and caused a writ of landlord's attachment to be sued out of the office of said justice, and at the same time, by themselves and their attorneys, in said suit directed their co-defendant, Otis Baker, a constable in and for Butler county, to levy said writ of attachment upon said oats as the property of the plaintiff.

" That, in pursuance of the directions of his co-defendants as aforesaid, defendant, Otis Baker, did levy said writ upon said oats, and take them into his possession, and that afterwards said suit, in which said landlord's attachment was sued out by defendants, was and is fully terminated and disposed of, and said oats were never accounted for to plaintiff, nor did he ever receive any benefit for them in any manner, but

they have been wholly converted by defendants to their use and benefit, and lost to plaintiff.

" That said defendants, by and through their co-defendant, Otis Baker, converted said oats to their own use and benefit, and no part of the same was used to satisfy any debts or costs against plaintiff in the suit in which they were attached, as set forth in the substituted petition, nor were they used in any other manner in which plaintiff received credit for them, but plaintiff was compelled to pay to defendants the judgment and costs in their favor and against plaintiff in said landlord's attachment suit, and, by defendant's acts, plaintiff was deprived of any credit or benefit of said property, but they were converted by defendants as hereinbefore stated."

To this petition the defendants, other than Baker, demurred, on the ground, in substance, that no cause of action was stated. The grounds, however, were specifically stated. It is insisted by counsel that, when a creditor directs an officer to make a levy which constitutes a trespass, an action will lie against the creditor. This will be conceded. But there is no allegation in the petition which tends to show that the levy and seizure of the goods by the officer was wrongful. The officer, therefore, rightfully made the levy, and was rightfully in possession of the property. Being so in possession, the defendants, " by and through" the officer, converted the property to their own use and benefit. This is not equivalent to an allegation that the defendants did or authorized the officer to do anything. No fact is stated, except that whatever was done was done by or through the officer. Whether the defendants converted the oats to their own use or not depends on what they did. The alleged conversion is a legal conclusion based on what precedes it. The petition fails to show that the defendants did anything subsequent to directing the levy. If they gave any directions to the officer subsequent to that time, which tended to show a conversion of the property, such an allegation could and should have been made. If the defendants aided the officer in any way, it could have

been readily stated. No sufficient facts are alleged, in our opinion, to constitute a cause of action against the defendants.

AFFIRMED.