ALICE C. LEE *et al.*, Appellants, v. DAVID R. LEE, Appellee.

1.  **Landlord and Tenant:** ALTERATION OF LEASE BY LESSEE. Where a lease of lands is made to commence at a future date by one already in possession thereof, the subsequent alteration by the lessee of certain dates in said lease, referring to the time when the lease was made, will not affect the lessee's right to the possession of said premises.

2.  ————: AUTHORITY TO LEASE: ESTOPPEL. One who, as agent, has leased lands to another for a term of years, will not be heard upon his subsequently acquiring title to the demised prémises to claim that said lease was made without authority, and that such fact was known to the lessee.

3.  ————: LEASE: EVIDENCE. The lease in question purporting on its face to have been made on Monday, and no issue being raised as to the day on which the same was entered into, the court properly excluded evidence to show that it was made on Sunday.

4.  ————: ACTION FOR POSSESSION OF LEASED PREMISES. Where one has come rightfully into the possession of leased premises, an action will not lie against him to recover possession until his right of possession has been terminated in the manner provided by law.

*Appeal from Hardin District Court.* — HON. J. L. STEVENS, Judge.

WEDNESDAY, OCTOBER 21, 1891.

THE plaintiffs claim that the defendant wrongfully holds possession of a certain tract of land. The defendant claims to hold the premises by virtue of a lease made by the plaintiffs. There was a trial by the court without the intervention of a jury, and a judgment in favor of the defendant for costs. The plaintiffs appeal.—*Affirmed.*

*J. H. Scales,* for appellants.

No appearance for appellee.

ROBINSON, J.—In September, 1888, the plaintiffs made to the defendant a lease in writing for the premises in controversy for the term of five years, to commence on the first day of March, 1889. At that time the premises were owned by a Mrs. Humphreys, but in October, 1888, she conveyed them to the plaintiffs. When the lease was made the defendant was living on the premises, and has occupied them since that time. The plaintiffs claim that the lease has been materially altered by the defendant since it was made, and that they had no authority to make it for a term longer than one year.

I. The alleged alterations consist principally of changes in certain dates which refer to the time when

1. LANDLORD and tenant: alteration of lease by lessee.

the lease was made, and, if the claim of the plaintiffs in regard to them were true, they would not affect the right of the defendant to occupy the premises. That right was given by the lease as originally made, and has not been abandoned.

II. The plaintiffs complain of the rulings of the court in excluding evidence which tended to show that

2. ——: authority to lease: estoppel.

the defendant knew when the lease was made that the plaintiffs had no authority to make it for a longer term than one year. The rulings in question were correct. The evidence offered was incompetent to defeat the lease, and the plaintiffs cannot be heard to deny their authority to make it, especially as they afterwards acquired, and now hold, the absolute title to the leased premises.

III. Complaint is made of the ruling of the court in excluding evidence to show that the lease was made

3. ——: lease: evidence.

on Sunday. It purported to be made on Monday, and no issue was raised by the

pleadings as to the actual date of execution. The evidence in question was, therefore, properly excluded.

IV. The plaintiffs could not in any event have succeeded in this action, for the reason that they do not ask any relief in their pleadings. But, conceding that it is an action for the recovery of real estate, they must fail. On their own showing the defendant was in possession of the premises when the lease was made, and we must presume that his possession was lawful. No sufficient notice to terminate the tenancy is shown. The petition alleges that a notice, as required by the statute, was served upon the defendant, and there is some evidence which tends to show that a notice was served, but the date of service is not shown. The allegations of notice in the petition are denied by the answer. We find a paper printed in the record entitled, a "Notice to Quit," and the statement, "Duly served March 14, 1890," printed below it, but it is not set out as an exhibit attached to a pleading; it is not set out as a part of the evidence, nor is it identified in any manner by the evidence submitted; and it is not shown when this action was commenced. Therefore, if it were true that the lease in question is void, the plaintiffs could not recover, because it is not shown that the right of possession of the defendant has been terminated in the manner required by law. We find no ground for reversing the judgment of the district court. It is, therefore, AFFIRMED.

4. ——: action for possession of leased premises.