EMILY M. RICE, Appellant, v. M. W. CROZIER, Executor of the Estate of William H. H. Rice, Deceased, Appellee.

**Actions:** HUSBAND AND WIFE: LIMITATIONS. Both at common law and under the Revision of 1860, a wife had a right of action against her husband for a debt due her, and the statute of limitations began to run against same at the date of its maturity.

**Same.** No person has a vested right in a particular remedy, provided an adequate remedy be given; so that if a wife had no right of action against her husband for her separate property prior to the Code of 1873, but was confined to presenting her claim against his estate upon his death or insolvency, such right of action became complete with the adoption of that Code and the statute of limitations as against an existing claim was then set in motion.

**Same:** TRUSTS. An express trust cannot be established by the production of a written instrument which purports to create merely the relation of debtor and creditor.

*Appeal from Mahaska District Court.*—HON. K. E. WILCOXEN, Judge.

SATURDAY, OCTOBER 24, 1908.

ACTION on a note signed by the decedent, dated September 18, 1865, and due in two years after date. The defendant demurred on the ground that the note was barred by the statute of limitations. Demurrer

sustained, and the plaintiff stands on her petition. Judgment for defendant, and the plaintiff appeals.— *Affirmed.*

*John F.* and *Wm. R. Lacey,* for appellant.

*John O. Malcom,* for appellee.

Evans, J.—The plaintiff avers: That she was married to the deceased, William. Rice, in 1859. That in 1864 or 1865 he received in her behalf certain moneys, amounting to $2,300, from the administrator of the estate of her deceased father, and that he signed a receipt therefor jointly with the plaintiff. That on September 18, 1865, as evidence of said trust he executed an instrument in writing as follows: "September 18, 1865. Two years after date I promise to pay Emily M. Rice the sum of $2,100 for value received. The condition of this note is that it is to draw no interest for twelve months after my death. [Signed] William H. H. Rice." That under the said instrument an express trust was created, and the said William H. H. Rice never denied the said trust in his lifetime, and never repudiated the same. The plaintiff's principal contention is that, under the law in force at the time said contract was made, she could not maintain an action at law against her husband, and that her only remedy under the statutes at that time was to present her claim against the estate of her husband after death, or after insolvency or bankruptcy, if living. She contends that the law then existing became a part of the contract, and that it could not be altered by subsequent legislation, and that the statute of limitations, therefore, has never commenced to run against her until the death of her husband.

This argument is, of course, bottomed upon the proposition that under the statutes of Iowa in September,

1865, a wife had no legal remedy for the collection of a debt against her husband during his lifetime and solvency. Assuming this proposition to be correct, there is plausibility in the argument offered. But we are convinced that this initial proposition of the plaintiff is not tenable. In *Jones v. Jones,* 19 Iowa, 240, and *Logan v. Hull,* 19 Iowa, 491, the court did sustain actions brought by the wife against her husband. Section 2771 of the Revision of 1860 by clear implication if not by its express terms, removed from a married woman the disability to sue her husband in relation to her separate estate. Even at common law, and before any statute was enacted, she had a complete remedy by bill in equity. *Jones v. Jones, supra,* was an action at law, being a replevin by the wife for certain household furniture, and the wife as plaintiff was allowed to prevail therein. It is true that an important fact in that case was that the plaintiff wife had separated from her husband "for good cause;" but that fact had no relevancy to her ability or disability to sue her husband, but to her right of possession of the household goods. Except for such separation for good cause, the husband, as head of the family, would be deemed entitled to such possession. In *Logan v. Hull, supra,* it was urged by the defendant that the wife, as plaintiff, had no right to maintain the action at law. The court held it immaterial whether the action be regarded as at law or in equity, and ordered a recovery by the plaintiff wife. If, therefore, the wife had a right of action against her husband, then the statute of limitations necessarily began to run at the date of the maturity of the note.

II. If we should hold that the wife had no right of action against her husband until the enactment of section 2204 of the Code of 1873, we do not see how it could avail the plaintiff as a protection against the bar of the statute. Such leg-

*1. Actions: husband and wife: limitations.*

*2. Same.*

islation had reference solely to the remedy, and it has always been held in this state that such legislation did not impair the obligation of a contract. No person has a vested right in a particular remedy, provided adequate remedy be given. If the plaintiff was under disability to sue prior to 1873, her disability was fully removed by the enactments of that year. Her right of action at law against her husband for her separate property was complete. We know of no rule that would prevent the running of the statute. *Wooster v. Bateman,* 126 Iowa, 554; *Allerton v. Monona Co.,* 111 Iowa, 560.

III. The plaintiff pleads in her petition that the money was held by her husband in express trust. She neces-sarily relies upon the written instrument as evidence of such trust. Her counsel do not press this proposition in argument. It is not tenable. The writing does not purport to declare a trust, either directly or inferentially. On the contrary, it purports to create the relation of debtor and creditor. No claim is made of implied or resulting trust, and we need not consider that phase of the question. The result here reached presents apparent hardship, but we know of no way to avoid it under the law.

3. SAME: trusts.

The trial court properly sustained the demurrer, and the judgment is *affirmed.*