IN RE ESTATE OF SAMUEL RULE, Deceased.

MARY L. RULE, Appellee, v. JOHN CAREY, Administrator, et al., Appellants, (and two other cases).

**EXECUTORS AND ADMINISTRATORS:** Allowance and Payment
1   of Claims—Right of Wife to Maintain Claim.  A wife may maintain an action in probate against the estate of her deceased husband on notes made by him to her.  (See Sections 3153, 3155, 3157, Code, 1897.)

**EXECUTORS AND ADMINISTRATORS:** Allowance and Payment
2   of Claims—Statement of Claim—Liberality Allowed.  Principle recognized that great liberality is allowed in stating a claim in probate.  (Section 3338, Code, 1897.)

**CONTRACTS:** Consideration—Presumption—Burden of Proof—Hus-
3   band and Wife.  A written contract, equally between husband and wife as between other people, is presumed, in the absence of evidence to the contrary, to be based on a sufficient consideration. As a corollary, he who claims there was no consideration for such contract must so plead and prove.  (Section 3069, Code, 1897; Section 3060-a24, Code Supplement, 1913.)

**BILLS AND NOTES:** Actions—Sufficiency of Proof.  It is suggested
4   that the introduction of a note in evidence, with proof of the gen-

uineness of the signature, makes a prima-facie case for recovery. (See Section 3069, Code, 1897.)

BILLS AND NOTES:  Actions—Proof as to Consideration—Sufficiency. Conceding, *arguendo*, that a wife, seeking to recover against the estate of her deceased husband on a note given by him to her, is under the burden to show a consideration for the note, yet she need trace such consideration no further, in order to make a prima-facie case for recovery, than to show that, when deceased delivered the note, he stated that he was doing so *in order to protect her in what he was owing her.*

CONTRACTS:  Validity—Sunday Contracts—Necessity for Plea.  A contract entered into on Sunday is enforceable, in the absence of a specific plea raising such issue.

PLEADING:  Answer—Sufficiency to Raise Issue—Sunday Contract. An answer simply alleging that the contract sued upon "is illegal" *raises no issue whatever.* So held where attempt was made, on such plea, to defeat a Sunday contract. (Sections 3566, 3629, Code, 1897.)

EXECUTORS AND ADMINISTRATORS:  Allowance and Payment of Claims—Defenses—Special Pleading. The defense that a claim in probate is illegal because based on a contract entered into on Sunday must be *specially* pleaded. (Section 3340, Code Supp., 1913; Section 3629, Code, 1897.) Such question may not be raised for the first time in a motion for a new trial.

BILLS AND NOTES:  Delivery—Sufficiency—Delivery to Third Person.  The placing of a note by the maker thereof, without condition, in the hand of a third person for the benefit of the payee, with the intention to make the execution of the note effective, constitutes delivery to the payee, even though the payee, while informed of the fact, never saw the note until the death of the maker.

TRIAL:  Instructions—Objections and Exceptions—Failure to Object Before Reading—Waiver. Failure to interpose an objection to an instruction before the same is read to the jury, works a waiver of the right to object. (Section 3705-a, Code Supplement, 1913.)

*Appeal from Dallas District Court.*—J. H. APPLEGATE, Judge.

FRIDAY, OCTOBER 27, 1916.

THE plaintiffs above named, each holding one or more alleged promissory notes made by Samuel Rule in his life-

time, filed their several claims against his estate. The heirs of the deceased were permitted to appear in the hearing and resist the allowance. In each instance the claim was allowed as prayed, and defendants appeal. Though the issues raised in the several cases are dissimilar, they have been tried and submitted together, and will be disposed of in separate paragraphs of a single opinion.—*Affirmed.*

*Burton Russell,* for appellants.

*White & Clarke,* for appellees.

WEAVER, J.—I.  Mary L. Rule is the widow of Samuel Rule, deceased, and bases her claim upon three several promissory notes made to her by her husband in his lifetime and after the date of their marriage.  These notes are as follows: One for $2,500, bearing date March 1, 1910; one for $900.50, dated December 13, 1912; and one for $1,298, dated August 5, 1914.  The maker of these notes died February 17, 1915. The resistance to the claim made on these notes is in writing, and may be stated briefly as follows:  That deceased was not in fact indebted to plaintiff; that he never in fact executed or delivered the notes; and that said notes were without consideration.

In support of her claim, Mrs. Rule testified that she married deceased in 1885; that, during their married life, they had acquired 160 acres of land in Dallas County; that they were childless; and that the name of Samuel Rule subscribed to each of the notes was his genuine signature.  A sister of the claimant also testified that she wrote the body of each of the three notes at the request of the deceased, and that he signed them in her presence, and in each instance delivered the executed instrument to the plaintiff, saying, in substance, that he wanted to protect his wife in what he owed her.  According to her statement:

1. EXECUTORS AND ADMINISTRATORS: allowance and payment of claims: right of wife to maintain claim.

"He said he wanted to protect her in what he owed her. He said he owed her the amount stated in the note. After I had written it, he signed his name and handed it to Mary L. Rule."

The defendants offered no evidence of any kind upon any of the issues raised by their objections. At the close of the testimony, plaintiff moved for a directed verdict in her favor, on the ground that the undisputed evidence shows a valid indebtedness of the deceased to the amount of the promissory notes. Defendants also moved for a verdict in their favor because of lack of evidence to justify a recovery. The trial court denied the defendants' motion and sustained the motion of plaintiff. Defendants then filed a motion in arrest, because of plaintiff's failure to offer any evidence tending to show that the notes were made or given upon any valid consideration, or that such transactions had any relation to plaintiff's separate estate, stating that, without such showing, she could not recover thereon. The motion in arrest was denied.

The appellants argue for a reversal, upon the single proposition that, under the rule followed in *Heacock v. Heacock*, 108 Iowa 540, a wife cannot maintain an action at law against her husband for recovery upon a promissory note made by him to her. In that case, a wife sued her husband to recover an installment of interest upon a promissory note executed by him to her, and made payable at his death. It was there held, by a divided court, that the petition was demurrable because it did not show that the contract evidenced by the note had its origin in some transaction concerning her separate property or estate. Assuming, for the purposes of the argument, that the cited case is an authoritative precedent for the general proposition just stated, we think it has no controlling application in disposing of the case now before us. The action in the *Heacock* case was by a living payee against a living payor, and the plaintiff was held to compliance with the rules of pleading which obtain generally in the presentation

and litigation of ordinary actions at law. In the trial and

2. EXECUTORS AND ADMINISTRAT-ORS: allowance and payment of claims: state-ment of claim: liberality al-lowed.

allowance of claims against the estate of a deceased person, the same strictness does not prevail. No formal pleadings are required, and omissions in the statement of a claim which might render a former petition demur-

rable are not necessarily fatal. See *Harrison v. Harrison,* 124 Iowa 525, 528. In the case at bar, no objection was raised to the sufficiency of the statement of plaintiff's claim except in the motion in arrest, filed after a verdict had been directed and returned. The only issues raised by the defendants in their written objections to the allowance of the claim were: first, that, at the time of the death of Samuel Rule, he was not indebted to plaintiff in any sum whatever; and, second, that Samuel Rule did not execute or deliver or authorize the execution or delivery of the notes presented by the plaintiff. As we have already stated, the defendants offered no evidence whatever in support of the defenses so asserted. On the other hand, plaintiff did offer competent evidence of the execution and delivery of the notes by Samuel Rule, and also of his acknowledgment or statement that he was indebted to his wife, and that the notes were made to protect her rights. This, we think, is ample justification for the action of the court in directing a verdict, even though we were to agree with appellants' counsel that plaintiff had the burden not only of proving the execution and delivery of the notes, but also of showing affirmatively that they evidenced enforceable contracts between herself and her husband. It is true that, in the *Heacock* case, a statement may be found to the effect that, as the wife has "no remedy against her husband unless it be for the infraction of some of her property rights, she cannot sue him on his personal contract." It is very clear, however, that this clause, when detached from the body of the opinion, and read without reference to our statute or to the numerous decisions in which the enforceable character of

many contracts between husband and wife is upheld, is much too broad, and was not used in the strictly literal sense which counsel now place upon it. By Code Section 3153, a married woman may own in her own right property acquired by gift, descent or purchase, and manage, sell, and dispose thereof to the same extent and in the same manner as the husband can property belonging to him. By Code Section 3155 the wife is empowered to maintain action against her husband for the possession or control of her own property, or "for any right growing out of the same, in the same manner and extent as if they were unmarried." By Section 3157 of the Code, conveyances, transfers and liens of one spouse in favor of the other are declared valid. We have held that a wife may maintain an action of replevin against her husband. *Jones v. Jones,* 19 Iowa 236. In the case of *Logan v. Hall,* 19 Iowa 491, 496, the court, by Dillon, J., apparently leaving undecided the question whether a wife can maintain an action except in equity upon the promissory notes of a husband in his lifetime, proceeds to say:

"Where, as in this case, the marital relation is dissolved by the death of the husband, we see no reason why the widow may not maintain an action directly on the notes against the administrator without formally resorting to a bill in equity."

This holding seems to recognize that the common-law rule which forbids litigation of this character between husband and wife had its origin in a purpose to prevent domestic discord, and that such reason ceases with severance of the marriage by death, leaving the surviving wife at liberty to assert legal rights which, out of regard to the marital relation, the law would not recognize while that relation existed. We have also held that, even where the common law ruled and the legal title to the wife's money passed to the husband, yet she retained an equitable title thereto, and if the husband, recognizing the equitable obligation arising therefrom, gave her his promissory note, the consideration was sufficient and the

note enforceable. *Payne v. Wilson,* 76 Iowa 377, 380. In *Rice v. Crozier,* 139 Iowa 629, we distinctly held that a wife had a right of action upon the promissory note of her husband, and that such right was barred by failure to sue within the statutory period of limitation. See also *In re Estate of Deaner,* 126 Iowa 701. In a very recent case, where a widow asserted a claim against her husband's estate upon a promissory note, it is said that:

"It cannot be doubted that a transaction between husband and wife, which is in the nature of a gift, or a matter of contract between them, is, in the absence of fraud or like conditions which would vitiate it, an enforceable one. The rule of the common law that a gift of personal property from husband to wife was void was based upon the fact that the title to all such property held by either was vested in the husband. In these later days, when the right of each to hold and manage their separate estate is recognized by statute, that rule is without application." *Harman v. Estate of Harman,* 167 Iowa 106, 108.

Contrary to the rule recognized in many jurisdictions, it is the law of this state that the husband and wife may become partners in business. *Hoaglin v. Henderson,* 119 Iowa 720. In disposing of that case, the court, while recognizing the disability of the wife at common law, made use of the following language, which may be very appropriately repeated here:

"The time for that argument is past. The right to contract with the husband is now so well established that it would be inexcusable to say that its existence is negatived by a holding that public policy forbids a suit by the wife against the husband on account thereof."

Unless we are to overrule these, and numerous other decisions of like character, the adoption of the theory contended for by appellants would be to affirm the anomalous proposition that, while the husband may enter into valid

contractual relations with the wife, and may, by gift or otherwise, vest her with valid title to property, yet she may not assert that right against him or against his estate in a court of justice. We are not disposed to take that position.

It is somewhat singular that, in the *Heacock* case, and in the other cases to which reference has been made, there is no discussion of the application of the statute by which a written

**3. Contracts: consideration: presumption: burden of proof: husband and wife.** promise to pay is presumed to have been made upon a sufficient consideration. The express language of that statute, Code Section 3069, is:

"All contracts in writing, signed by the party to be bound . . . shall import a 'consideration."

The statute, in so many words, speaks of "all contracts," and nowhere in the chapter or in the context is there any exception or saving clause which withdraws from its operation contracts between husband and wife. Counsel do not go to the extent of insisting that all contracts between husband and wife are invalid, or that all promissory notes by husband to wife are unenforceable. If such a note may be supported by a sufficient consideration, is there any good reason for excluding it from the benefit of the statutory presumption? To hold otherwise would work a judicial repeal or amendment of a statute the meaning of which is too clear for construction. It has been held too often to permit of any doubt that the burden is upon the party defending against a written instrument to plead and prove a want of consideration (*McCormick v. Jacobson*, 77 Iowa 582), and that, in the absence of such proof, the plaintiff is entitled to recover. See also Code Supplement, 1913, Section 3060-a24. In apparent recognition of this rule of law, the defendants herein did plead affirmatively the lack of consideration for the note sued upon, but wholly failed to offer proof in support of the plea.

The execution and delivery of the note were shown by the plaintiff, though it is probable that proof of the genuine-

ness of the signature is all that was needed to make the plain-

**4. BILLS AND NOTES: actions: sufficiency of proof.**

tiff's prima-facie case. The genuineness of the signature and the possession of the notes by the plaintiff being shown, there could be no presumption that they were given under circumstances rendering them invalid.

But even if we were to go to the extent of defendants' contention that, before the claims could be allowed, there must be a showing that the making of the notes grew out of

**5. BILLS AND NOTES: actions: proof as to consideration: sufficiency.**

transactions having reference to the wife's separate estate, the record is still sufficient to sustain the ruling of which defendants complain. It is shown without dispute that, in

making and delivering the note, he was attempting to protect his wife in the matter of his indebtedness to her. Now we think that, for the purposes of this case, it was entirely unnecessary for plaintiff to go further, and show the nature of such indebtedness or the manner of its origin. There is no proof nor suggestion that plaintiff never had any separate estate, or that she had no business dealings with her husband out of which a bona fide indebtedness to her could have arisen. Even if she had no enforceable claim of any kind against him, it does not follow that the notes were without consideration; for if he believed—whether correctly or mistakenly is immaterial—that he was under some moral obligation to pay her this amount of money, and made the notes in recognition thereof, their enforceable quality is not open to a defense based upon the single fact of their marriage relation. The exception to the allowance of the claim of Mary L. Rule is therefore overruled.

II. The second claim mentioned in the caption is presented by Emma Crist Carey, sister of Mary L. Rule and

**6. CONTRACTS: validity: Sunday contracts: necessity for plea.**

sister-in-law of the deceased. It is based upon a promissory note bearing date March 1, 1914, for the sum of $1,500.56, signed by Samuel Rule and made payable to Emma

Crist Carey. The written answer or objections filed by the defendants are as follows: (1) That deceased was in no manner indebted to Emma Crist Carey, and that the note was not supported by any consideration; (2) that deceased never executed or delivered the note; (3) "that the note is not complete, and contains no promise to pay, and is void, and the same is illegal."

On the trial below, some evidence was offered on the first and second defenses above enumerated, but they are abandoned in this court, and the demand for reversal is based upon the single ground that the note appears to have been made on Sunday, and is therefore void. This defense was not pleaded in the district court, unless, as contended by counsel, it is covered or embraced in the allegation above quoted, that "the note is illegal," nor was such defense mentioned in the course of the trial. At the close of the testimony, the court, on its own motion, directed a verdict for plaintiff. After the return of the verdict and proper entry made of the allowance of the claim, defendant filed a motion in arrest of judgment, on the ground, among others, that it "conclusively appears from the evidence that, if said instrument was executed and delivered by decedent, it was executed and delivered on Sunday, March 1, 1914." The motion was denied, and error is assigned upon the ruling.

7. PLEADING: answer: sufficiency to raise issue: Sunday contract.

That a plea that the note or contract sued upon was made and delivered on Sunday states a good defense, may be conceded. This brings us directly to the inquiry whether any such plea was made. That the question must be answered in the negative, we have no doubt. The defense that the note was a Sunday contract was neither made nor considered on the trial. The system of fact pleading has long obtained in this state, as it has also in a majority of the United States. The pleading of a mere legal conclusion raises no issue, and puts upon the opposing party no necessity or burden of proof.

A petition in an action at law or in equity must state the *facts* constituting the alleged cause of action. Code Section 3559. If the defendant desires to take issue upon the petition, he can do so in one of two ways: First, by a denial, general or special, of the allegations of the petition; and, second, by a statement of any new matter constituting a defense. Code Section 3566. The effect of a denial is simply to put the plaintiff to the proof of the facts alleged in the petition, and nothing more. In general, the answer to an alleged cause of action must, therefore, be either a denial of the facts pleaded by plaintiff, or a confession and avoidance thereof by reason of other facts stated by him, the effect of which, he claims, is to relieve him from liability. Each pleading, whether by way of petition or answer, must state the facts upon which the pleader relies, and not a mere legal conclusion which he draws from facts which he does not state or allege. For example, in a suit upon a promissory note, an answer which does no more than deny the defendant's indebtedness thereon, and allege that the instrument was procured from him by fraud, raises no issue and does not entitle him to introduce evidence of specific fraudulent acts or devices practiced upon him in obtaining the note. In other words, in such a state of the record, the plaintiff, to be entitled to a recovery, is bound to do no more than to produce the note in evidence; and, if a sufficient denial has been pleaded, prove the genuineness of the signature thereto. *Ockendon v. Barnes,* 43 Iowa 615; *Burt v. Decker,* 64 Iowa 106; *Koon v. Tramel,* 71 Iowa 132, 135.

And such, in effect, is the case presented by this appeal. The plaintiff's claim may, under our statute, be taken as denied without pleading (Code Supplement, 1913, Section 3340); but the same statute expressly provides that "special defenses must be pleaded." See also *Scott v. Morse,* 54 Iowa 732; *Schroeder v. Schroeder,* 119 Iowa 67; *Saddler v. Pickard,* 142 Iowa 691. Precedents to the same effect

8. EXECUTORS AND ADMINISTRAT-ORS: allowance and payment of claims: defenses: special pleading.

are numerous in our decisions, and no other conclusion can
be reached without disregard of our statute. In other states
where a like system of pleading prevails, the same rule is
quite universally recognized. Directly and convincingly in
point is *Finley v. Quirk*, 9 Minn. 194, where the statutory rule
of pleading and the statute for the observance of Sunday are
substantially like our own. In the cited case, the defendant
was sued to recover damages for breach of warranty of a horse.
In defense, he denied the warranty and all knowledge of any
defects, and alleged that, at the time of the sale, the horse
was sound, gentle and willing to work. When plaintiff rested
his case, defendant moved for judgment, because the evidence
showed that the bargain was consummated on Sunday. The
motion was denied, and on appeal the ruling was affirmed
because of the failure of the defendant to specially plead the
defense. The court, after reference to the statute, says:

"The plaintiff can only allege facts, and in answer, the
defendant must either deny the facts alleged in the complaint
or allege new matter by way of defence or avoidance. And
when the answer consists merely of a denial, it is quite clear
that the plaintiff will only be required to prove and the de-
fendant only permitted to controvert the facts alleged in the
complaint."

Again, the court says:

"But even if it was admitted that the defendant might
by a mere denial raise an issue on a fact not specifically
alleged, yet the legality of the sale is not a traversable fact,
but a conclusion or inference of law. . . . The true object
of pleading is and always has been to apprise the adverse
party of the ground of action or defence, in order that he
may be prepared to contest it, and may not be taken by
surprise. . . . Facts only are to be stated in pleadings,
and not arguments, inferences or matters of law."

Decisions are to be found which go to the extent of hold-
ing that if, at any time during the progress of the case through
the courts, it appears that the plaintiff's right of recovery

depends upon a Sunday contract, his action must fail, even though no such defense has been pleaded; but by far the better and more persuasive precedents are to the effect we have already suggested, that such defense, like that of infancy or the statute of limitations, is a matter of right or privilege, which the party may waive, and can be taken advantage of only by answer specifically pleading it. Such is the rule adopted and followed by this court. *Riech v. Bolch,* 68 Iowa 526; *Lee v. Lee,* 83 Iowa 565; *Chlein v. Kabat,* 72 Iowa 291. Indeed, we have gone to the extent of holding that a defendant who has not raised the issue in his answer may properly be denied leave to amend for that purpose pending the trial. See the case last above cited, where we say of the defendant:

"It is true it was her right at the outset to set up and prove, if she could, that the note was a Sunday contract; but such defense would be purely technical. . . . It is a clear case of a technical defense, provided by statute in the interest of what is deemed public policy, and barren of justice as between the parties."

The amendment was therefore held not to be in furtherance of justice, and leave to file it was properly denied. In Kentucky, it has been held that a defense to an action on a contract that such contract was made on Sunday must not only be specifically pleaded, but the defense must be stated as fully and specifically as would be required in framing an indictment. *Ray v. Catlett,* 51 Ky. 532. The case of *Roop v. Roop,* 35 Pa. 59, is authority for the proposition that an objection raised after the trial is over that the contract sued upon bears a date which the almanac shows to have been Sunday, is too late. The same court held, in *Fox v. Mensch,* 3 Watts & S. (Pa.) 444, that a defense of this character cannot be sustained unless the facts be specially pleaded. To the same effect is *Herndon v. Henderson,* 41 Miss. 584. Upon the general proposition that a special defense to an action must be specially pleaded, the Massachusetts court uses this language:

"If, for instance, the ground of defence is that an article

was never delivered, or that it was sold contrary to law, or if any defence is intended which goes to show that the transaction was illegal or void in its inception, it must be specified in the answer, in the same manner as release, accord and satisfaction, infancy, or any other defence in its nature matter of discharge or avoidance.'' *Granger v. Ilsley,* 68 Mass. 521, 523.

The bald statement by defendants in their objections to plaintiff's claim that the note presented ''is illegal,'' states no defense, within the meaning of our statutes on the subject of pleading. By no liberality of construction can it be said to specially plead, either expressly or by near or remote inference, the facts upon which a conclusion of the note's illegality can be drawn. An uncovering of the real nature of the defense for the first time in a motion in arrest or motion for new trial is entirely too late, and the trial court rightfully refused to give it recognition.

III. The sole defense urged in this court to the claim filed by Elgie Crist is that there was never any sufficient delivery of the note. The issue thereon was tried and submitted to the jury, which returned a verdict in plaintiff's favor. It is the contention of appellant that the testimony conclusively shows the nondelivery of the note, but we are quite clear that such conclusion involves a disregard or a misapprehension of material evidence in the record. The plaintiff, being disqualified under the statute, did not appear as a witness in her own behalf; but the widow of Samuel Rule, and Mrs. Carey, sisters of plaintiff, were sworn and examined upon her behalf. To the competency of these witnesses no objection is raised, and their credibility was a matter for the jury, and not for the court. Mrs. Rule says that the claimant came with herself and Mr. Rule from the state of Pennsylvania, and lived with them in their Iowa home about 13 years, when she returned to Pennsylvania. About the time the claimant returned to the east, or soon thereafter, witness says

9. BILLS AND NOTES: delivery: sufficiency: delivery to third person.

she saw Rule sign the instrument here in question and then pass it over to the witness, saying to her to take care of it for Elgie. Notice or information of this fact was conveyed to Elgie, and the note was permitted to remain with Mrs. Rule until after Samuel's death, when it was sent to or placed in Elgie's hands. The witness placed the note in an old pocketbook where she kept some of her own papers, also some belonging to her husband, and the pocketbook, with its contents, was kept under a small box on a closet shelf. So far as shown, the note in question was never in the possession or under the control of Samuel Rule after the date of its execution and delivery into the hands of his wife for her sister. This witness also testifies to facts tending directly to show that the claimant received several sums of money from friends, or the estates of friends in the east, and that she earned other sums by service in other families, and that such accumulations were placed in Samuel's hands, by whom they were held either as a loan or in trust. He frequently spoke of being in debt to Elgie, and, shortly before his death, said he would like to have her come out to Iowa so he could settle with her, and if she did not want her money, he would put it in land for her. In material respects, this testimony is corroborated by Mrs. Carey. It may be true that the items and amounts of indebtedness making up the consideration of the note are involved in some uncertainty; but this is not very material, as the sole defense relied upon here is the nondelivery of the instrument, and, if that issue be found against the defendants, there is nothing to do but to affirm the judgment below. The fact as to whether there was any actual indebtedness at the date of the note has some material bearing upon the question whether a delivery of the note was made or intended to be made, but otherwise is of little moment. We have already expressed our opinion that there was no such lack of evidence in this respect as would justify the court in controlling the jury's verdict. It is, of course, conceded that the note did not come into the actual manual possession of the plaintiff until after

the death of Rule, but this was not essential to a delivery. It is elementary that delivery is largely a matter of intention, and that, whenever the maker or the donor of a note, or the owner of any other personal property capable of manual delivery, places it either in the hands of the payee or donee, or in the possession or control of a third person for the benefit of the payee or donee, with intention thereby to make his act or gift effective, the delivery is perfect. A surrender of dominion over the subject-matter for the use or benefit of the other party is all that is needed. This is so well settled as to forbid extended discussion. *Schurz v. Schurz,* 153 Iowa 187, 190; *Creveling v. Banta,* 138 Iowa 47, 51; *Criswell v. Criswell,* 138 Iowa 609. If the instrument be handed over to a third person under circumstances indicating a purpose to part with control over it, a delivery may be found, even though there is no showing of express instructions to pass it on to the payee, donee or grantee. An instruction or direction to hold for the benefit of such person is all that is necessary; *In re Estate of Bell,* 150 Iowa 725, 729; *Criswell v. Criswell,* 138 Iowa 609; *In re Estate of Crocker,* 148 Iowa 104, 108; *Matheson v. Matheson,* 139 Iowa 511, 514; *Hagerman v. Wigent,* 108 Mich. 192.

In the case at bar, the trial court submitted to the jury two special interrogations: First, whether the name signed to the note was the genuine signature of Samuel Rule; and, second, whether there was a delivery of the note. Upon both questions, the finding was in favor of the plaintiff, and, under the undisputed record and the rules of law to which we have adverted, these findings are conclusive.

In a supplemental argument, appellants take special exception to one of the instructions given by the court to the jury, the point being made that a certain clause of the paragraph is not justified by anything in the evidence offered on the trial. As the appellant failed to take exception to the instruction at the time, in the manner provided by statute

10. TRIAL: instructions: objections and exceptions: failure to object before reading: waiver.

(Code Supplement, 1913, Section 3705-a), the error assigned thereon cannot be considered on appeal.

For the reasons hereinbefore stated, the finding that there was a sufficient delivery of the note must stand; and, as this constitutes the sole defense submitted to our consideration, the allowance of plaintiff's claim must be, and it is, affirmed. The same entry will be made in each of the three cases, consolidated for the purposes of argument.—*Affirmed.*

EVANS, C. J., DEEMER AND PRESTON, JJ., concur.